## BLICK v. BRIGGS.

1. A count in case is good, which alleges that the plaintiff delivered to the defendant certain negroes to be hired out by him as auctioneer (upon a reasonable reward,) for twelve months, but to be delivered to the hirer upon his giving good security; and that the defendant did dispose of them to G. W. for that time, for $292, without security; in consequence of which the hire remains unpaid, and is wholly lost, &c.

2. The declaration alleges that it was agreed between plaintiff and defendant that the latter would be G. W's surety for the sum of $292, for the hire of certain slaves, if the plaintiff would credit G. W. therefor; that the plaintiff, at defendant's special instance, &c. did give the credit, yet the defendant refused to become his surety; by reason whereof the said sum remains unpaid, and is and will be wholly lost to the plaintiff: *Held*, that the declaration discloses a cause of action, for which case will lie, and that it was not bad, because it did not aver the agreement was in writing.

WRIT of error to the County Court of Sumter.

This was an action on the case at the suit of the plaintiff in error against the defendant. The declaration contains two counts. In the first, it is stated that the plaintiff caused to be delivered to the defendant two negroes (who are named, &c.,) to be hired out by him as an auctioneer for the space of twelve months; but the possession only to be given up by the defendant upon good security being given by the hirer; for which service, the defendant was to receive a reasonable reward. It is then alleged, that the two slaves were disposed of to one George Wilborne, for the term of twelve months, for two hundred and ninety-two dollars, and were delivered to him without security; whereby the hire remains unpaid, and is wholly lost, &c.

The second count alleges, that it was agreed between the plaintiff and defendant that the latter should stand security for the sum of two hundred and ninety-two dollars, to be paid by George Wilborne for the hire of certain slaves, in consideration that the plaintiff would credit the latter for the hire. That the plaintiff, at the special instance and request of the defendant, did give the credit to Wilborne, yet the defendant refused to become his surety; by reason whereof, the sum of two hundred and ninety-

two dollars remains unpaid, and is, and will be wholly lost to the plaintiff.

R. H. SMITH, for the plaintiff in error. The demurrer is to the whole declaration, and if either count is good it is sufficient. It is believed that both counts are properly framed, and disclose a cause of action for which case is the appropriate remedy. [1 Chit. Plead. 366, 370–1, 136, 7, 140, 146; Chitty on Bills, 228, 263; Chitty on Con. 203; 3 Cranch's Rep. 492.]

No counsel appeared for the defendant.

COLLIER, C. J.—We are at a loss to perceive upon what ground the county court sustained the demurrer to the declaration. The first count is clearly good; and the second, if maintainable, discloses a cause for which the plaintiff may as well have sued in case as assumpsit. There was then no misjoinder, and the demurrer being general, should have been overruled *in toto*.

Upon the hypothesis that it may have been supposed that the action was misconceived, we will briefly consider for what causes case is the proper remedy, at least so far as it is material to the present inquiry. It is said that this action is not confined to injuries merely *ex delicto*—it is a concurrent remedy with assumpsit for many breaches of contract, not merely for the payment of money, whether the breach were *nonfeasance, misfeasance* or *malfeasance.* Thus, case lies upon an express agreement in obstructing the plaintiff in the enjoyment of an easement, of which the defendant stipulated that he should have the benefit; and it seems to be maintainable for not accounting for the produce of bills delivered to the defendant to get discounted.

It has also been held, that if a party has transferred a bill without indorsing it, when it was intended he should do so, a bill may be filed in equity to compel him; and a special action on the case may be maintained against him for a refusal. [Chitty on Bills, 228, 263, 9 Am. ed.]

In Burnett v. Lynch, [5 B. & C. Rep. 589,] it was said that case affords a most extensive remedy for all breaches of duty, *quasi ex contractu*; and where, from a given state of facts, the law raises an obligation to do a particular act, and there is a

breach of that obligation, and a consequential damage, an action on the case, founded in tort, is the proper remedy. Such an action has been sustained by the lessee against his assignee for neg-lecting to perform his covenants, in consequence of which the lessor had recovered damages of the lessee. In the case last cited, it was said by Abbott, C. J., that case often lies as a concurrent remedy with assumpsit, and that it by no means follows, that because a promise may be implied by law, the action on the case, which is in terms founded on the breach of *that duty from which* the law *implies* a promise, may not also be maintainable.

It is said there is no inconvenience in suffering the plaintiff to allege his *gravamen* as consisting in a breach of duty arising out of an employment for hire, and to consider that breach as tortious negligence, instead of regarding the same circumstances as form-ing a breach of promise implied from the consideration of hire. [Govett v. Radnidge, 3 East's Rep. 70.] Not only where there is implied, but express contracts, if they *create a duty*, will case lie; for "although there be an express contract, a party is not bound to resort to that contract, but he may declare on the tort, and say that the party has neglected to perform his duty."—By Bayley, J., Burnett v. Lynch, *ut supra*. [Mast v. Goodson, 3 Wils. Rep. 348; Bretherton v. Wood, 3 B. & B. Rep. 54.]

By allowing a party to declare for a neglect of duty, although there is a breach of promise, a multiplicity of actions is some-times avoided; "and the plaintiff, according as the convenience of his case requires, frames his principal count in such a manner, as either to join a count in trover therewith, if he have another cause of action, other than the action of assumpsit, or to join with the assumpsit the common counts, if he have another cause of action to which they are applicable." [Govett v. Radnidge, *ut supra*; Weall v. King and another, 12 East's Rep. 454.] Other advantages may result from the adoption of case instead of as-sumpsit. In the former, the defendant *cannot always* plead in abatement the non-joinder of other parties as defendants; and the plaintiff may frequently recover if he prove one of several de-fendants to be liable; which is not allowable in assumpsit. [Max v. Roberts, et al. 12 East's Rep. 94; 1 Chit. Plead. 134–5, 8.]

From this view of the law, it will be apparent that both the counts disclose a cause of action for which a declaration may be framed in case. In respect to the first count, the duty incum-

bent upon the defendant, as well as its breach, are clearly stated. We were inclined to question the sufficiency of the second count, but further examination has satisfied us, that it is at least substantially good when considered with reference to the act of 1824, which dispenses with special demurrers and discourages objections that are merely formal.

It cannot be assumed that the agreement disclosed in the second count, is obnoxious to the statute of frauds. For any thing shown to the contrary, it may have been in writing, and if so, no such objection can be urged. In declaring on a contract to pay the debt of a third person, it is not necessary to allege that the promise was written; but it would be necesssary to prove it, unless its validity was admitted by the pleadings.

Again; we could imagine a state of facts which it would be permissible to show, under the second count, that would establish a right of recovery, although there was no written evidence of the defendant's undertaking. But it is unnecessary, and, perhaps, improper in the condition in which this case comes before us, to be more particular, upon this point. It is sufficiently apparent from what has been said, that the demurrer was improperly sustained; the judgment is, therefore, reversed, and the cause remanded.