## BEAVERS *vs.* HARDIE & CO.

48 95
132 539,

[ACTION AGAINST COMMISSION MERCHANT TO RECOVER DAMAGES FOR SELLING COTTON CONSIGNED CONTRARY TO INSTRUCTIONS, &C.]

1. *Complaint ; what is in case and is sufficient.*—A complaint which sets forth that the defendants, as commission merchants, received from the plaintiff certain described goods for sale for a reward, under instructions not to sell them for less than a specified price, which they promised to observe, but that they did afterwards sell the said goods for less than that amount, to-wit, the sum of ——, &c., is in case, and sufficiently states a breach of duty.

APPEAL from Circuit Court of Talladega.
Tried before Hon. M. J. SAFFOLD.

This case turns upon the pleadings. The Reporter has therefore thought it best to set out the first count upon which the decision turned. This count was as follows:

"The plaintiff claims of the defendants five thousand dollars as damages, for that the said defendants heretofore, to-wit, on the — day of March, 1854, as factors and commission merchants, received from the plaintiff one hundred and one bales of cotton, weighing fifty-one thousand, eight hundred and fifteen pounds, on storage and for sale by the defendants for a reward, with instructions by and from the plaintiff, not to sell said cotton unless they could and did get the sum of ten cents per pound for the same, and the said defendants then and there promised they would not

Beavers v. Hardie & Co.

sell said cotton unless they obtained the said sum of ten cents per pound for the same, amounting to the sum of —— dollars. Yet the said defendants did, afterwards, to-wit, on the — day of April, 1854, and before the commencement of this suit, sell said cotton for less than that amount, and at the sum of seven and one-fourth cents per pound, amounting only to —— dollars."

The other counts were substantially the same as the first, except the amended complaint, which was trover.

To this complaint the defendants demurred—to each count separately, and to the complaint as a whole. The opinion of the court sufficiently shows the grounds of demurrer assigned. The circuit court sustained the demurrer, and this ruling is now assigned as error.

JOHN T. HEFLIN, and J. B. MARTIN, for appellant.—Each count in the complaint is substantially the same as to the *gravamen*, and is varied in statement to meet the different phases of the evidence. A complaint, the *gravamen* of which is a breach of duty arising out of a contract, is in the nature of an action on the case. The breach of duty is tortious. In cases of express contract which create a duty, a party is not bound to declare upon the breach, but may declare in *tort*, and aver the negligence of the defendant to perform his duty.—*Myers v. Gilbert*, 18 Ala. R. 471; 1 Chit. Pl. 135; *Blick v. Briggs*, 6 Ala. 687.

L. E. PARSONS, and ALEX. WHITE, *contra*. (No brief on file.)

B. F. SAFFOLD, J.—The complaint is composed of seven counts, to each of which and to the complaint as a whole a demurrer was sustained. The counts are by no means as explicit as they should be. Whether they are so defective as not to contain a cause of action, and so drawn as to constitute a misjoinder of actions, are the questions to be determined.

The first count claims damages of the defendants because they, as factors and commission merchants, received from the plaintiff one hundred and one bales of cotton on

storage and for sale for a reward, under an agreement not to sell the said cotton for less than ten cents a pound. They, however, sold the cotton for seven and a quarter cents a pound. Is this a sufficient statement of a cause of action, and if so, is it an assumpsit or case?

The Revised Code, in section 2629, requires all pleadings to be as brief as is consistent with perspicuity, and the presentation of the facts or matter to be put in issue in an intelligible form; and allows no objection for defect of form, if facts are so presented that a material issue in law or fact can be taken by the adverse party thereon. Its schedule of forms of pleading in civil proceedings, beginning on page 673, contains the form of a complaint applicable to most causes of action, if not to all. Of actions *ex delicto* there is a form for trover in that for the conversion of chattels, for detinue in the one for the recovery of chattels in specie, for trespass, and for case in several special instances. All of these forms have been uniformly held to be sufficient in the cases to which they were applicable, whether in actions *ex contractu* or *ex delicto*. The statute law has not, in its effort to simplify pleading, destroyed the distinction of actions as observed by the common law. Hence, in reference to the joinder of forms of action, a count in assumpsit can not be joined with one in case or trover.

Assumpsit and case are frequently concurrent remedies, and sometimes, when the cause of action is not fully set out, it becomes a nice question to which of these forms the count or complaint shall be referred. Where there is an express promise, and a legal obligation results from it, then the plaintiff's cause of action is most accurately described in assumpsit, in which the promise is stated as the gist of the action. But where, from a given state of facts the law raises a legal obligation to do a particular act, and there is a breach of that obligation, and a consequential damage, there, although assumpsit may be maintainable upon a promise implied by law to do the act, still, an action on the case founded in *tort* is the more proper form of action, in which the plaintiff in his declaration states the facts out of

which the legal obligation arises, the obligation itself, the breach of it, and damage resulting from that breach.— 1 Chit. Pl. 135.

The common law forms of declarations in case uniformly aver that the act or conduct of the defendant was *tortious*. In very many cases, this is indispensable; for instance, in those where there is no contract or agreement between the parties, and the defendant might have lawfully done what he is complained of for doing. But in *torts* growing out of breaches of contract, the *tort* and the breach are sometimes so intimately blended that even a sufficient statement of the case will leave the form of action doubtful.

In *Wilkinson v. Mosely*, (18 Ala. 288,) a test of distinction is stated to be, that if the cause of action, as set out in the declaration, arises from a breach of promise, the action is *ex contractu;* but if, from a breach of duty growing out of the contract, it is in form *ex delicto* and case. In the count under consideration, the only violation of duty charged against the defendants is selling the cotton for less than the price which they promised, and were instructed to obtain.—2 Chit. Plead. pp. 675 and 725*a*, the forms of counts for selling before default property pledged as security for a loan of money, and for not selling goods distrained for the best price, are in substance the same as the one under consideration, except that they aver a *tortious* intention and act of the defendant. Under our law of pleading such an averment is not necessary, if the facts related and the breach charged naturally indicate the *tortious* conduct.—*Blick v. Briggs*, 6 Ala. 687; *Austill & Marshall v. Crawford*, 7 Ala. 335–342.

We decide, that the first count is one in case, and as the other counts are less indefinite, the judgment must be reversed. The amended complaint seems to come more nearly under the head of trover, but that action may be united with case.

The judgment is reversed, and the cause remanded.