# White *v.* Levy.

*Action by Landlord against Tenant, for Injuries to Premises.*

1.  *Preamble of statute.*—The preamble of a statute neither confers nor restricts rights, powers, privileges or duties conferred or imposed by the statute itself; but it may be looked to, in aid of the statute, to ascertain the legislative intent, when not clearly expressed in the statute; and if the statute is susceptible of two constructions, one of which is consistent with the intent expressed in the preamble, and the other inconsistent with it, the former construction will be adopted.

2.  *Remedies of landlord, for injuries to leased premises by tenant.*—Under an ordinary lease of a dwelling-house, the law imposes on the tenant the duty of restoring the premises, at the expiration of the term, in as good condition as when he received them, ordinary wear and tear excepted, and an action on the case lies for the breach of this duty; and if the lease contains an express stipulation that he will so restore them, the landlord may, at his election, sue in case for the breach of duty, or maintain an action (assumpsit or covenant) for the breach of contract.

3.  *City Court of Mobile; jurisdiction of actions for damages to property.* Under the statute approved Dec. 12, 1888, prescribing and limiting the jurisdiction of the City Court of Mobile in civil cases, and excepting from its jurisdiction "actions for the recovery of damages for injury to . . property, whether for negligence or a breach of duty enjoined by law or by contract with the parties, expressed or implied" (Sess. Acts 1888-9, p. 210) ; that court has no jurisdiction of an action by a landlord against his tenant, to recover damages for injuries to the leased house by the failure to keep it in good condition, whether the action be in case for a breach of the legal duty, or in assumpsit for a breach of contract.

[White v. Levy.]

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This action was brought by Hettie White against Marshall P. Levy, and was commenced on the 21st January, 1890. The complaint contained four counts, each of which claimed $1,000 as damages for the breach of an "agreement," a "contract," or a "covenant," as it is termed in the different counts, for the lease of a dwelling-house by plaintiff to defendant, for the term of one year, commencing on the 22d October, 1888. The contract or agreement of lease, which was in writing, and signed by the defendant only, was set out in the third count of the complaint, and contained a stipulation in these words: "I further promise to quit and surrender the premises at the expiration of said term, in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted." Each count of the complaint alleged a breach of this stipulation, and claimed damages on account thereof; specifying in different language the several particulars in which the property was injured by the failure to take reasonable and proper care of it. The court dismissed the suit, on motion, for want of jurisdiction, and this judgment is here assigned as error.

WM. E. RICHARDSON, and HENRY CHAMBERLAIN, for appellant.

GREGORY L. & H. T. SMITH, contra.

COLEMAN, J.—The decision of this cause to some extent involves a construction of the act which prescribes the civil jurisdiction of the City Court of Mobile.—Acts 1888-9, p. 210.

The act provides that the jurisdiction and powers of a civil nature exercised by the Circuit Courts of the State be conferred upon the City Court of Mobile, "except in actions to try titles to land, and in actions for the recovery of damages for injury to reputation, person or property, whether such damages are sought to be recovered for negligence, or a breach of duty enjoined by law, or by contract with the parties, expressed or implied." The preamble to the act is in the following language: "Whereas it is desirable that, to afford suitors speedy remedy for the recovery in said court of ordinary debts and the like, the civil jurisdiction of said court should be limited: Therefore be it enacted," &c.

The preamble to an act neither confers nor restricts powers, rights, privileges or duties, and, strictly speaking, is no part of the act itself. If the enacting clause is clear and positive, the preamble is without scope; but, if the enacting clause is not plain, if its intent can not be clearly understood, then, in

[White v. Levy.]

the language of Lord Coke and Lord Bacon, "The preamble is the key to open the understanding of the statute."—Sedgwick on the Const. of Statutes and Const. Law (2d Ed.), p. 43; 1 Kent, § 460; 9 Port. 270. The true powers of a preamble are to expound powers conferred, and not to create them. It has a foundation in the exposition of every written law, upon the universal principle of interpretation, that the will and intention of the legislature is to be regarded and followed. Story Com. on Constitution of the United States; Sedgwick, *supra*, and note. "In the modern English cases, it is said the preamble may be used to ascertain and fix the subject-matter to which the enacting part is to be applied, and sometimes the body of the act may be restrained by the preamble."—Sedgwick, *supra*. We deduce from these principles, prescribing the force and effect of the preamble of an act, the following proposition: If the legislative intent is clearly expressed in the preamble, and the body of the act is so constructed as to render its meaning and intent uncertain; and if the act admits of two constructions, one in accord with the intent clearly expressed in the preamble, and the other in conflict with it, courts should adopt that construction which harmonizes with the preamble.

So far as the intent of the legislature can be ascertained by a reference to the preamble, it is evident that the purpose was not to except all actions *ex contractu*, and it is equally manifest that it was not intended to confer jurisdiction of all actions *ex contractu*. Otherwise the limitation would not have been to "ordinary debts, and the like." It is also clear that actions in tort are excepted, and it would further seem that, if the legislature intended simply to exclude actions in tort, and confer jurisdiction of all actions *ex contractu*, the distinction would have been actions *ex contractu* and actions *ex delicto*, a distinction easily drawn in the preamble as well as in the body of the act.

The question to be determined then is, what actions are intended to be excepted in the provision, "excepting actions for the recovery of damages for injury to property, sought to be recovered, for a breach of duty, enjoined by law or contract, expressed or implied." Under the authorities, actions to recover damages for injury to property, for a breach of duty enjoined by law, are in case; and such is the character of the action to recover damages for an injury to property for a breach of duty created by, or growing out of a contract, and not within the express provisions of the contract; where the breach of the contract is not the *gravamen* of the complaint, but is stated as the inducement causing or creating the condition or state

[White v. Levy.]

of things which furnished the occasion for the injury.—*Mobile Life Ins. Co. v. Randall*, 74 Ala. 178; *Whilden v. Mer. & Plant. Bank*, 64 Ala. 27; *Wilkinson v. Mosely*, 18 Ala. 288; *Blick v. Briggs*, 6 Ala. 687. Such actions are in tort, and within the exception. The question then remains, what actions are referred to by the expression "to recover damages for injury to property for a breach of duty enjoined by contract."

In one sense, "duty" is enjoined in every obligation. Even a simple promissory note enjoins a duty, and for a breach of duty in the non-payment, when it becomes due, gives a cause of action. To place such a construction on the act, would extend the exception "to ordinary debts and the like," and take away all civil jurisdiction. Keeping in view the intent as expressed in the preamble, that the purpose was to confer jurisdiction in certain class of cases *ex contractu*, and to except certain class of cases *ex contractu*, and the class excepted were those for the recovery of damages for breach of duty enjoined by contract, we hold it includes and applies to that class of cases where damages are recoverable for injury to property for a breach of contract—such cases as, in the absence of the contract, the facts alleged would support an action in tort.

Suits to recover damages for the breach of the condition of bonds, if the breaches assigned show such injury to person or property as would sustain an action in tort, are not actions for "ordinary debts and the like." Suits upon unconditional contracts or obligations would come within the meaning of the term "ordinary debts and the like," and not within the exception, unless the contract contains stipulations for the performance of some duty, and, in assigning breaches thereon, it becomes necessary to state facts from which the law would have raised the duty had the contract not enjoined it.

To further illustrate. Actions for wrongful and vexatious suing out attachments may be in case, or *ex contractu*. In many respects, to-wit, the breaches assigned, the rules of evidence applicable, and the measure of recovery, are the same, except that when suit is upon the bond, the recovery can not exceed the penalty expressed in it. The bond does not change the nature of the liability a suitor incurs by suing out the attachment wrongfully and vexatiously. It simply makes secure the damage inflicted by the abuse of this extraordinary process.— *City Nat. Bank v. Jeffries*, 73 Ala. 191; *Tiller v. Shearer*, 59 Ala. 203. Such suits can not be classed as suits to recover "ordinary debts." Where the contract is set up, it is sometimes difficult to determine whether it is stated as a matter of inducement, or whether it is intended to count

[White v. Levy.]

upon it *ex contractu*. If the former be the case, the action will be in tort, and excluded; but, if the breach be one of promise, it will be *ex contractu*, and may or may not be within the exception, according to the facts from which the injury resulted.

A man hires a horse to ride to a certain place. The duty enjoined by the law is, that he ride him in moderation. If he ride the horse immoderately, so that he dies, it is a breach of duty enjoined by law, and case will lie. If the man, when he hired the horse, promised and agreed to ride him moderately, and he disregarded his obligation, and rode the horse so that he died, it would be a breach of duty enjoined by contract. Tort or assumpsit would lie in the case last stated, although the facts to be averred in either action are the same.—73 Ala. *supra*. A tenant leases a dwelling-house. The law implies the duty that he will return the premises in as good condition as when he entered into possession, the usual wear and tear excepted. If the tenant breaks down the doors, and destroys the windows, or permits water to stand on the floor until it causes the floors to decay, an action in tort will lie. If, by the terms of the lease, the lessee agrees to return the premises in as good order as when received, natural wear and tear excepted, and, in violation of the agreement, breaks down the doors, &c., he is guilty of a breach of duty enjoined by contract. In such case, the landlord could sue in tort, or *ex contractu*. The facts averred in the complaint, however, would be the same, and would show "damages for injury to property for breach of duty enjoined either by law or by contract," and the case would come within the exception of the statute.

Apply these principles of law to the case at bar. Each count in the declaration avers facts, which, if proven, would have given the plaintiff the right to recover damages for a breach of duty enjoined by law in the absence of the covenant of lease. Counting upon the contract so as to make the action *ex contractu*, yet the averments of facts are the same, and show the damages sought to be recovered result from an injury to property, and arise from a breach of duty enjoined by contract.

There is no error in the judgment of the court below, and it is affirmed.