## Gurley v. McAnally.

*Action of Assumpsit, and on the Case.*

1. *Misjoinder of causes of action; assumpsit and case.*—Where the complaint, in an action brought by a municipal corporation, joins counts upon contract with a count to recover a penalty for the breach of a duty imposed by a municipal ordinance, it is demurrable, for misjoinder of causes of action.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. H. C. SPEAKE.

This action was brought by Gurley, a municipal corporation, against William A. McAnally. The first four counts of the complaint were the common counts in assumpsit. The fifth count was as follows : " (5) The plaintiff claims of defendant two hundred and forty-nine dollars, for that on or about the 1st day of November, 1892, the defendant was the owner and in possession of a certain lot of land within the corporation limits of plaintiff on which there was, and had been since defendant came in possession of said lot, a large amount of sawdust, which was placed and accumulated there by defendant in the operation of a sawmill by tenants of defendant on said lot. And plaintiff alleges that said sawdust became and was, at the time aforesaid, a nuisance, dangerous to the health and welfare of the citizens resid-

[Gurley v. McAnally.]

ing within the corporate limits of plaintiff. And plaintiff alleges that at the time that said defendant was in possession of said lot and when said accumulation of sawdust was placed there by defendant, the plaintiff, in the exercise of its authority under its charter, had passed and published a by-law in words and figures as follows, to-wit: [Here section 141 of plaintiff's charter is set out.] And plaintiff alleges that, while said defendant was the owner and in possession and control of said lot, and while the said ordinance was in force, the plaintiff, by resolution, at a meeting of its board of mayor and councilmen, ordered its marshal to notify defendant that said accumulation of sawdust was a nuisance, and that defendant must remove it from the said lot. And this notice was by the marshal given to defendant, and thereupon it became and was the duty of defendant to remove said sawdust. And defendant refused and failed to remove it, and thereupon it was removed by the plaintiff, and plaintiff paid for the work and labor of removing the same said sum of two hundred and forty-nine dollars, which sum defendant, on demand, refused to pay, and with interest thereon is now due." The court having sustained the demurrer to the complaint, as stated in the opinion, the plaintiff declined to amend the complaint, and the cause was dismissed. The plaintiff appeals, and assigns as errors the ruling of the court sustaining the demurrers, and the judgment rendered.

D. A. GRAYSON and R. C. BETTS, for appellant.

SHELBY & PLEASANTS, contra.

COLEMAN, J.—The plaintiff complained, in several counts, against the defendant, and the court sustained a demurrer to the complaint for a misjoinder of causes of action. There were several grounds of demurrer assigned, but we deem it necessary to consider only two counts of the complaint, and the ground of demurrer which set up that the complaint contained a count in assumpsit and a count in case.

The controversy arises from the fifth count of the complaint, the others being confessedly ex contractu. The cause of action averred in the fifth count is based upon an ordinance of the town of Gurley, which reads as fol-

lows: Section 141: ''Any person whose duty it is to remove any nuisance or obstruction, shall be fined as for a separate and distinct offense for each day that such nuisance or obstruction is allowed to remain, after it has become his duty to remove it, and should the party owning or having such nuisance or obstruction fail to remove the same, the marshal may have same removed at the expense of the owner, which amount may be collected the same as any other fine or penalty.'' Actions *ex contractu* necessarily arise from contract, expressed or implied. An action upon contract may arise from breach of duty, imposed by contract. An action to recover damages for a breach of duty, imposed by law or ordinance, the duty not being an element of contract and the damages not being fixed, is in case. These distinctions were considered in the case of *White v. Levy*, 91 Ala. 175, and authorities cited. So far from showing a contract. express or implied, or a breach of duty imposed by contract, in the fifth count, it expressly repudiates the existence of any contract, and bases the right to recover solely upon a breach of duty imposed by the ordinance. As we have shown, such a count is in case. If the count had shown that the defendant had been lawfully fined a definite amount for refusing to remove a nuisance, action in debt would have been proper to recover the amount. So debt would lie to recover any definite sum due the town, as taxes, &c.

We have rested the decision upon the conclusion that the ordinance is valid. We make no decision on that question. An ordinance which authorizes the imposition of a penalty for its violation must be definite in its meaning, and in the penalty fixed.—*McConvile v. Mayor*, 39 N. J. L. 38; Am. & Eng. Ency. of Law, Vol. 17, p. 253 and note; *State v. Zeigler*, 32 N. J. L. 262.

The court did not err in its ruling, and the judgment is affirmed.