(137 So. 898)

### WHITE SWAN LAUNDRY v. BLUE.

6 Div. 943.

Supreme Court of Alabama.

Oct. 15, 1931.

Rehearing Denied Dec. 17, 1931.

Chas. W. Greer, of Birmingham, for appellant.

Farris Batson, of Bessemer, for appellee.

**BROWN, J.**

Count 4 of the complaint on which the case was tried alleges "that during the month of March 1929, or the month of April 1929, in precinct 2 of Jefferson County, Alabama, the defendant, its agents or servants, while acting within the line and scope of their authority, came to the plaintiff's residence in said precinct 2 of Jefferson County, Alabama, and at that place received and accepted six blankets, the property of plaintiff, of the value of seventy two dollars, and promised to clean or laundry the said blankets and return them to the plaintiff at his residence in like good condition, for a reasonable reward to be paid by the plaintiff to the defendant at plaintiff's said residence at the time said blankets were returned. The plaintiff avers that the defendant *breached its contract in this:* plaintiff avers that the defendant, its agents or servants, while acting within the line and scope of their authority, handled, cleaned or laundered plaintiff's blankets in such a negligent manner that as a proximate consequence of such negligence on the part of the defendant, the said blankets were shrunk, torn, made thin, and otherwise greatly damaged." (Italics supplied.)

It is familiar law that in bailments for the mutual benefit of the parties, where there is no express agreement to the contrary, the law raises an implied obligation on the part of the bailee to exercise reasonable care to preserve the property from loss or injury, and a failure to do so constitutes a breach of the contract of bailment (Higman v. Camody, 112 Ala. 267, 20 So. 480, 57 Am. St. Rep. 33) ; and, where the bailee fails to exercise such care, and the property is damaged, the bailor may maintain an action of assumpsit for breach of the contract, or an action on the case for breach of the duty. Davis & Son v. Hurt, 114 Ala. 146, 21 So. 468.

Count 4 is in assumpsit for failing to return the blankets to plaintiff "in like good condition" as when received by the defendant, and the facts alleged show that the cause of action arose—the breach of the contract occurred—in the precinct of plaintiff's residence, where they were to be returned in such "like good condition." Beavers v. Hardie & Co., 48 Ala. 95; Mobile Life Ins. Co. v. Randall, 74 Ala. 170.

The defendant's plea to the jurisdiction confesses the averments of the complaint, and the averments therein that "the alleged debt the basis of the suit" and "the plaintiff's cause of action, if any, did not arise in said precinct," when taken in connection with the averments of the count, are but legal conclusions, not supported by the facts alleged. The demurrers to the plea were therefore sustained without error.

It is conceded by appellant, and properly so, that, if the cause of action arose in precinct 2, or 33, the case was brought within the jurisdiction of the inferior court. Local Acts 1927, pp. 54, 57, § 9 ; Code 1923, § 8711.

On the cross-examination of the plaintiff testifying as a witness in his own behalf, the defendant's counsel brought out the fact that the office hours of the plaintiff, who is a physician, were from 9 o'clock to 12, and from 2 to 5, but that he was sick and at home on the day the defendant's agent called and received the blankets from the plaintiff, and over defendant's objection the witness was allowed to testify that he had been sick and at home for a month prior to the day the blankets were taken for laundry by defendant's agent. If it be conceded that this testimony was immaterial, and that the objection should have been sustained, the judgment here is that this ruling was innocuous, and does not constitute reversible error.

It was clearly immaterial whether the blankets were personally delivered by the plaintiff or his wife to defendant's agent, who called and solicited the business. Therefore the court did not commit error to reverse in refusing to allow the defendant to show that on the trial of the case in the inferior court the defendant's counsel admitted, for the purpose of that trial, that the blankets were delivered to defendant's agent by plaintiff's wife.

■ The defendant's objection to the question put to the witness Al. Stafford, on cross-examination by plaintiff's counsel, was overruled without error. Cox v. State, 162 Ala. 66, 50 So. 398. The court sustained the defendant's objection to the question put to said witness in respect to his conviction for malicious mischief, and instructed the jury that questions put by counsel to which the court sustained objections, and especially this question, should not be considered by the jury; that such questions not answered were no part of the evidence in the case. The motion to enter a mistrial was properly overruled.

■ The proposition of charge 1 given for the plaintiff is, loss or damage to property the subject of bailment, while in the hands of the bailee, raises a presumption of negligence, and shifts the onus to the defendant of showing that it was not so damaged by want of ordinary care. This charge states the law as applicable to the evidence. Haas v. Taylor, 80 Ala. 459, 2 So. 633; Southern Garage Co. v. Brown, 187 Ala. 484, 65 So. 400; 6 C. J. p. 158, § 160.

■ The measure of damage for the destruction of household goods is not limited to their market value, since their value to the owner and the expense of replacing them would ordinarily exceed their market value. Birmingham Ry. L. & P. Co. v. Hinton, 157 Ala. 630, 47 So. 576.

We are therefore not of opinion that the court erred in overruling the motion for a new trial.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.