MIAMI TRANSIT COMPANY, a Florida Corporation, Plaintiff in Error, v. ELSIE KARSES, a Single Woman, Defendant in Error.

200 So. 372
Special Division B
Opinion Filed February 14, 1941

*Worley & Gautier,* for Plaintiff in Error;
*McKay, Dixon & DeJarnette,* for Defendant in Error.

TERRELL, J.—Defendant in error recovered a judgment

against the Plaintiff in error for personal injuries. The latter contends that the judgment should be reversed because it is excessive, that improper charges were given by the trial court, and that the evidence fails to show negligence on the part of defendant.

The case grows out of these facts: Defendant in error was riding in an automobile that had been following a passenger bus of plaintiff in error for several blocks, the passenger bus made a regular stop to take on a passenger and the car in which defendant in error was riding ran into the rear of the bus, threw her forward causing serious cuts on her face and nose which injured some of the nerves to her extreme embarrassment, left a permanent scar on the face, fractured and dislocated her left ankle which had not recovered twelve months after to such extent that she could pursue her occupation as a nurse. She was twenty-three years old and was earning thirty-five dollars per week as a nurse.

The question of negligence on the part of plaintiff in error turns on the fact of whether or not its bus was without notice brought to a stop so sudden that the driver of the car in which defendant in error was riding could not have reasonably avoided the accident.

The jury answered this question in the affirmative and we find evidence to support their finding which was approved by the trial court. There is also evidence that would warrant a contrary verdict but we find no showing whatever that the jury was influenced by considerations outside the evidence and we are convinced that the question presented was a jury question. To reverse them would be substitution of our judgment for theirs which we are not authorized to do.

Other errors assigned have been examined but we find

no reversible error, so the judgment appealed from is affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL and CHAPMAN, J. J., concur.