105 So.2d 802 (1958)
Harold D. ADELMAN, Appellant,
v.
M & S WELDING SHOP, Inc., a corporation, Appellee.
No. 58-225.
District Court of Appeal of Florida. Third District.
October 21, 1958.
*803 Engelhardt & Harkness, Miami, for appellant.
Bernard B. Weksler, Miami, for appellee.
BARNS, PAUL D., Associate Judge.
The appellant-plaintiff sued the appellee-defendant for damages to a Ford car and for the failure to return certain personal property left in the car when the car was bailed to the defendant for the purpose of the defendant installing a trailer hitch for a consideration to be paid by the plaintiff. The defendant moved to dismiss the second amended complaint upon the ground that it failed "to state a cause of action upon which relief can be granted," which motion was sustained and the case dismissed. Thereupon plaintiff appealed from the final judgment of dismissal and assigned as error the order sustaining defendant's motion to dismiss. We find the complaint sufficient and reverse.
The complaint, without expressly alleging any specific or general acts of negligence on behalf of the defendant and without any other ligamentary averments, simply alleged the delivery of the car with its contents to the defendant for attaching a trailer hitch for compensation and that the defendant redelivered the car "in a completely damaged and destroyed condition" and that the personal property was "completely destroyed while said vehicle was in the possession of the defendant," for which he claims damages. The action sounds in contract and not in case.
As stated in 4 Fla.Jur., Bailment, par. 9:
"* * * Where a bailment is for mutual benefit, the bailee is held to the exercise of ordinary care and diligence in safeguarding the bailor's property and is answerable for loss or injury resulting from his failure to exercise such care or diligence. But he is responsible only for negligence and not for losses which were not occasioned by want of care on his part."
As stated by the Supreme Court of Alabama in the case of White Swan Laundry v. Blue, 223 Ala. 663, 137 So. 898, 899:
"It is familiar law that in bailments for the mutual benefit of the parties, where there is no express agreement to the contrary, the law raises an implied obligation on the part of the bailee to exercise reasonable care to preserve the property from loss or injury, and a failure to do so constitutes a breach of the contract of bailment (Higman v. Camody, 112 Ala. 267, 20 So. 480, 57 Am.St.Rep. 33); and, where the bailee fails to exercise such care, and the property is damaged, the bailor may maintain an action of assumpsit for breach of the contract, or an action on the case for breach of the duty. Davis & Son v. Hurt, 114 Ala. 146, 21 So. 468."
When a complaint in an action by a bailor against the bailee alleges that the property bailed was damaged as a consequence of some particular acts of negligence of the bailee then, of course, the *804 plaintiff has the burden of proving his allegations and this is so whether the action sounds in contract or case. Porter v. Izlar Motor Co., 134 Fla. 798, 184 So. 329; Coombs v. Rice, 64 Fla. 202, 59 So. 958. In the instant case no specific acts of negligence or the want of due care have been alleged but it is a rule of law relating to pleadings that the rule requiring certainty in pleading is greatly relaxed when the matter is peculiarly within the knowledge of the adversary. 41 Am.Jur., Pleadings, par. 32 states:
"The rule requiring certainty in pleadings is very greatly relaxed when the matter in reference to which the pleading is claimed to be uncertain is peculiarly within the knowledge of the party attacking it; neither party is required to state with particularity matters which are wholly within the knowledge of the adverse party. A defendant, therefore, cannot be heard to complain of uncertainty in the allegations of the complaint in respect to matters peculiarly within his knowledge unless the averments are so uncertain as not to disclose the essential elements of the cause of action he is required to answer, or are so vague and indefinite that they cannot be said to state any cause of action sufficient to warrant a recovery."
Furthermore, it is unnecessary to plead presumptions of law, inferences or facts necessarily implied from other facts stated. A pleading which avers facts from which the law presumes another fact sufficiently pleads that other fact. What is necessarily implied is as much a part of a pleading as what is expressed. 41 Am.Jur., Pleading, par. 10.
When loss or damage to property, which is the subject of bailment, occurs the Alabama Supreme Court in White Swan Laundry v. Blue, supra, 223 Ala. 663, 137 So. 898, 899, stated:
"* * * loss or damage to property the subject of bailment, while in the hands of the bailee, raises a presumption of negligence, and shifts the onus to the defendant of showing that it was not so damaged by want of ordinary care."
The law governing the burden and sufficiency of proof at trial is applicable to a degree to a hearing on a motion to dismiss a complaint for insufficiency since the motion admits all material facts of the complaint well pleaded. Stegemann v. Miami Beach Boat Slips, 5 Cir., 213 F.2d 561, 564, states:
"The burden of proof of negligence is on the bailor, but by proving that the vessel was delivered to the bailee in good condition and damaged while in his possession, the bailor makes out a prima case of negligence; and the duty then devolves upon the bailee to go forward with the evidence and show affirmatively that he exercised ordinary care. See authorities cited, and Southern Ry. Co. v. Prescott, 240 U.S. 632, 36 S.Ct. 469, 60 L.Ed. 836.
"In Commercial Molasses Corporation v. New York Tank Barge Corporation, supra, [314 U.S. 104, 62 S.Ct. 156, 86 L.Ed. 89] the Supreme Court explained the relative positions of the litigants by pointing out that the bailor, upon proof of bailment and damage to his goods while in possession of the bailee, is entitled to the inference of fact that there was a breach of duty of care." But it adds:
"`* * * it [the inference of fact] does no more than require the bailee, if he would avoid the inference, to go forward with evidence sufficient to persuade that the non-existence of the fact, which would otherwise be inferred, is as probable as its existence. It does not cause the burden of proof to shift, and if the bailee does go *805 forward with evidence enough to raise doubts as to the validity of the inference, which the trier of fact is unable to resolve, the bailor does not sustain the burden of persuasion which upon the whole evidence remains upon him, where it rested at the start.' 314 U.S. 111, 62 S.Ct. 161."
Applying the foregoing principles of law to the facts as stated in the complaint it is our conclusion that the complaint is sufficient to show that the plaintiff is entitled to relief and the judgment appealed from is
Reversed.
CARROLL, CHAS., C.J., and HORTON, J., concur.