PAUL D. BARNS, Associate Judge.
The appellant-plaintiffs sued the appellee-defendants in equity seeking rescission, accounting and “other equitable relief.” The lower court sustained motions to dismiss filed by the individual defendants whereupon appeallant-plaintiffs appealed from the order sustaining said motions and dismissing the suit as against the individual defendants. We find error and reverse.
The complaint is replete with conclusions, however we cannot say that the bill is wholly without equity as to the individual defendants. In construing pleading the useless does not vitiate the useful. It appears that the appellant Charles Williams is suffering from some incapacity or illiteracity since the contract executed by him by the use of a mark or cross and his signature to the complaint is illegible. The complaint, among other things, alleged as follows:
“III
“That on or about the 17th day of June, 1957 the plaintiffs entered into a certain agreement with the defendant American Crafts, Inc. This agreement provided, inter alia, that the plaintiffs convey unto the said defendant the property of the plaintiffs situated in Broward County, Florida and described as:
*306 Lots 21 and 22 in Block 2 Scott Park, a Subdivision according to the Plat thereof recorded in Plat Book 79 on Page 38, Public Records of Broward County, Florida.
and that the plaintiffs deliver to said defendant corporation the sum of Three Thousand Eight Hundred Dollars ($3,800.00); that said defendant was to take the real property and use the $3,800.00 exclusively and solely toward the costs of constructing some rental unit buildings, on the land, and said defendant was to obtain and supply the balance of money needed to construct the buildings. These buildings were to be constructed according to plans and specifications agreed upon between the parties. It was further provided that after completion of the buildings the said defendant would then convey the property back to the plaintiffs by an Agreement For Deed on price and terms set forth in the contract. A copy of the agreement is attached hereto and made a part hereof as if copied in haec verba.
“IV
“That pursuant to said contract the plaintiffs did convey the land to the defendant American Crafts, Inc., and did deliver to said defendant the $3,800.00. It was expressly represented to the plaintiffs by the defendant and was so provided that the $3,800.00 be kept as a separate fund to be used only toward costs of materials and labor for constructing the buildings as aforesaid.
“V
“That the defendants L. T. Ahrenholz and Michael F. Martin were the principal officers, directors and beneficial owners of the defendant corporation at the time the aforesaid agreement was entered into, and they remained the principal officers, directors and beneficial owners thereof for all times pertinent to this action. That the defendant Martin S. Trop became a principal officer, director and beneficial owner of the defendant American Crafts, Inc., in September, 1957 and remains as such to this date. That as principal officers, directors and beneficial owners of said corporation they were charged with knowledge of the agreement between the plaintiffs and the said corporation, and were charged with knowledge that the aforesaid land and fund of $3,800.00 delivered by plaintiffs to the corporation constituted property to be kept apart and used for the specific purposes stated above.
“VI
“That although the plaintiffs have done all things required of them the defendant American Crafts, Inc., has failed to begin construction of the buildings, has closed its office and has apparently ceased operations. Upon demands duly made by the plaintiffs the defendant has informed the plaintiffs that the buildings will not be constructed. The defendant Martin S. Trop has refused to convey the aforesaid land back to the plaintiffs until they execute to him and the corporation a release of all liability.
"VII
“That the defendant corporation is insolvent. That the defendants Michael F. Martin, L. T. Ahrenholz and Martin S. Trop as principal officers, directors and beneficial owners of said corporation have so failed to use diligence and good faith in dealing with the aforesaid property of the plaintiffs delivered to the corporation for use only for a specific purpose and to be kept as a separate fund that said assets have been lost from the control of the corporation, and it can no longer deliver same back to the plaintiffs or the equivalent value, all of which renders said Michael F. Martin, L. T. Ahrenholz and Martin S. Trop individually liable to the plaintiffs.
“The said Michael F. Martin, L. T. Ahrenholz and Martin S. Trop are further individually liable to the plaintiffs for their losses because as principal officers, directors and beneficial owners of the corporations they, the individual defendants, have transferred corporate property to the officers and stockholders for an insufficient considera *307 tion after the corporation has refused to pay its obligations to the plaintiffs; and because they have transferred property to persons when the corporation was insolvent and when insolvency was imminent, with the intent to give preference to certain creditors.
“VIII
“That in order to obtain the said $3,-800.00 to deliver to the defendant American Crafts, Inc., the defendant by and through its agents induced the plaintiffs to obtain a mortgage on real property owned by them in Dade County, Florida, representing to the plaintiffs there would be no charge for same by way of commissions or closing costs; that the defendant’s agent made the arrangements acting for the defendant to insure that they plaintiffs would have money to deliver to the defendant on the proposed agreement. The plaintiffs now find that in fact they were charged $500.00 commission by defendant’s agent for acting on behalf of the defendant in arranging for the loan, and the mortgage they obtained on the property in Dade County, Florida, is consequently $500.00 larger than anticipated; and that the said mortgage, although a first mortgage, bears interest at 10% per annum and becomes due and payable in full five years from its date.”
Florida Appellate Rule 3.6, subd. d(l), 31 F.S.A., directs that “the appellant shall file * * * his directions to the lower court clerk for making up the record-on-appeal.” Appellant’s directions to the clerk in this instance were as follows:
“The clerk will please prepare certified copies of the appeal papers and the order of dismissal entered in the above styled cause on the 7th of May 1958.”
We are constrained to comment on this sluggish practice, not because of any undesirable results in this case, but because practice often results in the clerk transmitting to the appellate court all the papers in the case such as the summons, motions, notices, and orders not material to the appeal. The appellant’s directions to the clerk should designate the papers appropriate to be considered by the appellate court in passing on the merits of the assignment of errors in order that unnecessary and immaterial papers will not he transmitted and, also, in order that appellee may have an opportunity to designate such additional papers as he considers material to a consideration of the merits of the assignments of error by the appellate court.
What relief, if any, the plaintiffs may ultimately be entitled to and the extent of such relief does not appear clear because of the absence of the ultimate facts, however, it is a rule of pleading that facts which lie more within the knowledge of the adversary may be averred generally. Adelman v. M. & S. Welding Shop, Inc., Fla.App., 105 So.2d 802. Citing 41 Am. Jur., Pleading, Par. 32. Even in event it develops that the plaintiffs are not entitled to relief under section 608.55, F.S.A., it is not certain that they would not be entitled to have the law of constructive trust applied to the facts as they may be established under the allegations of the complaint. Under the facts alleged it appears that the individual defendants ought to be retained as parties-defendants since Florida Rules of Civil Procedure, Rule 1.8(b), 30 F.S.A., provides that “Every complaint shall be considered to pray for general relief” and Rule 1.15(b) provides liberally for amendments of pleadings which might become desirable after the plaintiffs have availed themselves of the rules relating to discovery. Florida Rules of Civil Procedure, Rule 1.11(a) authorizing the postponement of the disposition if a defendant’s motion to dismiss is applicable under the circumstances presented.
Wherefore, in consideration of the premises it is ordered and adjudged that the final decree appealed from be reversed *308 with directions to proceed not inconsistent herewith.
HORTON, Acting Chief Judge, and PEARSON, J., concur.