PER CURIAM.
Plaintiff’s fourth and sixth amended complaints were dismissed with leave to amend for failure to state causes of action. Plaintiff declined to amend further, whereupon trial judge dismissed his actions with prejudice.
Plaintiff’s amended complaints were based upon the same occurrence — a collision on a through highway involving three vehicles. The relevant paragraphs of his complaints are identical.
Ignoring evidentiary matters, legal conclusions and other defects,[1] the complaints allege negligence and proximate cause in language substantially as follows: Defendant-Swicord suddenly decreased the speed of his vehicle[2] without giving any signal or warning thereby negligently causing his vehicle, the Buick vehicle approaching from the rear and a third vehicle approaching from the opposite direction to* collide on the through highway.
The operator of a leading vehicle-has a duty to use the road in the usual way. Gosma v. Adams, 1931, 102 Fla. 305, 135 So. 806, 78 A.L.R. 1193. Consequently,, such an operator may be held liable, if',, without notice, he stops or decreases speed’ so suddenly that the operator of the following vehicle is not reasonably able to avoid *608 a collision. Miami Transit Company v. Karses, 1941, 146 Fla. 163, 200 So. 372. However, a sudden stop or decrease in speed without notice may or may not constitute negligence, depending upon the •circumstances: “This is so because a sudden or abrupt stop, which could be the result of negligent operation, could as well result from conditions and circumstances making it entirely proper and free of any negligence.” See Blackman v. Miami Transit Company, Fla.App.1960, 125 So.2d 128, 130, 92 A.L.R.2d 1387, 1390. For example, a sudden stop or decrease in speed without warning ordinarily would not constitute negligence, if done in response to .a sudden emergency. See Holmes v. Surfus, Second District Court of Appeal, 194 So.2d 283, opinion filed January 20, 1967; Annotation: 29 A.L.R.2d 5 at § 8, page 41. This is recognized by E.S.A. § 317.371(3), which provides as follows: “No person shall stop or suddenly decrease the speed of .a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear, when there is opportunity to give such signal(Emphasis added.) Accordingly, we agree that plaintiff has the burden of pleading and proving negligent failure to signal or warn. We disagree with the trial judge only in finding that the plaintiff has sufficiently pleaded this element in his .amended pleadings.
Whether a leading motorist had opportunity to signal a sudden stop or decrease in speed ordinarily will lie peculiarly within his knowledge. Facts which lie more within the knowledge of an adversary may be averred generally. Williams v. Ahrenholz, Fla.App.1959, 108 So.2d 304, 307. Furthermore, whether a leading motorist had opportunity to signal frequently will have to be inferred by the jury from numerous facts and circumstances disclosed by the evidence.[3] Evi-dentiary facts and circumstances should not be pleaded. R.C.P. 1.110(b). Under the circumstances allegations that a leading motorist negligently caused a collision by suddenly stopping or decreasing speed without giving notice sufficiently allege negligence to withstand a motion to dismiss.[4]
Reversed and remanded.
WALDEN, C. J., ANDREWS, J., and ELMORE, FRANK H., Associate Judge, concur.

. “In construing pleading the useless does not vitiate the useful.” Williams v. Ahrenholz, Fla.App.1959, 108 So.2d 304, 305. In addition to pleading “useless” evidence appellee pleaded several sets of circumstances in a single paragraph in violation of R.C.P. 1.110(f). This is not fatal if the complaints state causes of action.

. Plaintiff’s complaints allege that Defendant-Swieord was operating a “farm, tractor and trailer,” but we do not understand that this fact is necessarily determinative. '

. Cf. Haislet v. Crowley, Fla.App.1964, 170 So.2d 88.

. Such allegations are not wholly equivocal since they do negative unavoidable accident (lack of opportunity to give notice). Where a complaint is not so vague, indefinite and ambiguous as to wholly fail to state a cause of action, a motion for more definite statement is the proper vehicle by which to seek dissipation of vagueness or ambiguity. Frisch v. Kelly, Fla.App.1962, 137 So.2d 252.