PER CURIAM.
This is an automobile accident case, in which there was a rear-end collision. The appellant, who was driving the rear automobile, sued the driver and the owner of the other vehicle for personal injuries and property damage, alleging the collision was caused by negligence of the defendant driver. The defendants answered, denying negligence and pleading contributory negligence. Thereafter, with leave of court, the defendant driver joined by her husband filed a counterclaim against the plaintiff, alleging that the negligence of the latter was the cause of the collision.
The defendants moved for summary judgment. In ruling thereon in favor of the defendants, the court ordered “that the defendants’ motion for summary judgment on the issue of liability be and the same is hereby granted,” and the court then ordered that the plaintiff take nothing by the action and that the defendants go hence without day. That amounted to a final judgment adverse to the plaintiff on the plaintiff’s case, and a partial summary judgment in favor of the defendant-coun-terclaimants, on the issue of liability. The plaintiff appealed from the adverse summary judgment. We find error, and reverse.
At the time of the hearing on the motion of the defendants for summary judgment, the trial court had before it for consideration certain statements of counsel, answers to interrogatories and a deposition of the plaintiff. The facts thereby disclosed, viewed in a light favorable to the party moved against as they were required to be on defendants’ motion for summary judgment, showed the two automobiles were *897 proceeding in the same direction at a speed of 35 to 40 miles per hour (within the speed limit), with an interval of three or four car lengths between them, in a lane provided for through traffic, and that the defendant driver made a sudden stop at a place where no such stop was reasonably to be expected.
In the circumstances presented the issues of negligence and contributory negligence could not properly be resolved by the trial court on motion for summary, judgment. See Mansell v. Eidge, Fla.App. 1965, 179 So.2d 624, 627; Pagan v. Holman, Fla.App. 1967, 195 So.2d 606. Cf. Jeskey v. Yellow Cab Company, Inc., Fla.App.1962, 136 So.2d 376.
Accordingly, the summary judgment is reversed, and the cause is remanded for further proceedings.