PER CURIAM.
This cause is before us on appeal from a summary final judgment holding appellant, Mamba Engineering Company, Inc. (Mamba), liable to appellee, Jacksonville Electric Authority (JEA), for $800,000 in damages.
On April 9, 1979, JEA entered into a contract with Mamba for the purpose of Mamba constructing electrical transmission lines for JEA. Mamba was to provide JEA with various types of insurance coverage, including “owner’s and contractor’s protective liability insurance.” Certificates of all insurance required from Mamba were to be filed with JEA before any operations were to begin. The certificates were to specifically name the types of policies provided by Mamba and were subject to JEA’s approval for adequacy and protection.
On April 13, 1979, a certificate of insurance was furnished to JEA. The printed certificate form listed various policies and insurance coverages procured but made no mention of the owner’s and contractor’s protective liability coverage as being included or not. All types of coverage listed on the printed form showed a check mark in the box indicating that coverage was obtained except the box opposite the word “other.” There was no indication that any coverages were omitted.
JEA allowed Mamba to begin, continue, and complete operations under the contract.
*759 On July 11, 1979, Seymour, an employee of Mamba, was injured while working with live electrical wire atop a wooden pole. Seymour obtained a jury verdict against JEA entitling him to $1,078,000. JEA paid the $50,000 statutory limit, and Seymour obtained another $750,000 from JEA after receiving a relief bill from the Legislature.
The JEA filed a complaint against Mamba based on contractual indemnity and then later filed an amended motion for summary judgment, contending that, as a matter of law, Mamba was liable to JEA (1) for contractual indemnification, and (2) in that defendant failed to provide the proper insurance coverage as required under the contract. Summary judgment was entered in ■ favor of JEA based on the court’s finding that JEA had not, as a matter of law, waived its right to sue Mamba for Mamba’s failure to provide it with the “owner’s and contractor’s protective liability insurance.”
On appeal, Mamba challenges the finding that JEA had not waived its right to sue Mamba for the failure to provide owner’s and contractor’s protective liability insurance. Mamba also challenges the finding that Section 725.06, Florida Statutes (1973), is not applicable to the indemnity agreement entered into between Mamba and JEA, arguing JEA is an owner of land for purposes of this statute.
We affirm the trial court’s finding that JEA had not, as a matter of law, waived its right to sue Mamba for Mamba’s failure to provide “owner’s and contractor’s protective liability insurance.” We therefore do not reach the issue raised concerning the applicability of Section 725.06, Florida Statutes (1983).
Waiver is the intentional relinquishment of a known right. Enfinger v. Order of United Commercial Traveler of America, 156 So.2d 38 (Fla. 1st DCA 1963); 22 Fla. Jur.2d § 28, and cases cited therein. Considering the pleadings, affidavits, and depositions in a light most favorable to Mamba, the nonmoving party, we find no basis for holding JEA has waived the contract right in question or is estopped to claim that right as to the other party to the contract. Walker v. Atlantic Coastline Railroad Co., 121 So.2d 713 (Fla. 1st DCA 1960); Williams v. Davidson, 179 So.2d 387 (Fla. 1st DCA 1965); Revellino v. Avis Rent-A-Car System, Inc., 229 So.2d 896 (Fla. 3d DCA 1969).
Specifically, we note that the certificate of insurance furnished by Mamba does not support an inference that JEA knew the coverage had not been furnished. On the contrary, the certificate expressly refers to the contract by number.[1] Further, as previously stated, the certificate does not affirmatively indicate omission of any coverage required under that contract. Accordingly, we hold the trial court was correct in concluding that Mamba is liable to JEA for the $800,000 of damages caused by the breach of contract by Mamba in not procuring the proper insurance coverage. Cone Brothers Contracting Co. v. Ashland-Warren, Inc., 458 So.2d 851 (Fla. 2d DCA 1984). There being no evidence that JEA waived a known right, there is no genuine issue of material fact, and entry of summary judgment was proper.
Accordingly, the judgment below is affirmed.
BOOTH, SHIVERS and ZEHMER, JJ., concur.

. The Certificate of Insurance, in pertinent part: "JOB: CONSTRUCTION OF A 69KV TRANSMISSION LINE FROM ARLINGTON SUB-STATION TO OAKWOOD VILLA SUB-STATION TO ROBINWOOD SUB-STATION. (CONTRACT [NUMBER] 1766) (PLANS & SPEC. NUMBER 30-79).”