M. R. Porter v. Izlar Motor Co., Inc.

184 So. 329.
Opinion Filed November 9, 1938.

*W. Robert Smith,* for Plaintiff in Error;

*Frank R. Greene,* for Defendant in Error.

Buford, J.—Defendant in error sued plaintiff in error and another in a tort action for the destruction of an automobile while loaned or bailed to the defendants.

In the brief plaintiff in error says there is only one question for our consideration which is there stated as follows:

"In an action brought to recover for the damage or destruction of an automobile bailed for the bailee's use, where there is no special contract of bailment, and such action is not based upon breach of contract but is brought in tort, and the bailor expressly alleges negligence on the part of the bailee in the use of the bailed property, does proof of the return of the bailed property in a damaged condition create, as a matter of law, a *prima facie* or presumptive proof of the negligence alleged and shift the burden of proof upon the bailee to show that the damage to the bailed automobile was not occasioned by his negligence?"

The declaration was in one count, as follows:

"Izlar Motor Co., Inc., a corporation under the laws of Florida, sues M. R. Porter and Elise Bartlett, co-partners doing business under the firm name of M. R. Porter & Co., for that:

"1. On or about May 15, 1935, at the request and for the sole benefit of the defendants and for the use and benefit of said firm of M. R. Porter & Co., the plaintiff loaned, without consideration or compensation to plaintiff, and delivered to the said firm, acting by and through the defendant, Elise Bartlett, an automobile, the property of the plaintiff, known and designated as Buick Coupe, Model 31-66-S, Engine No. 2747747, of the reasonable, fair and market value at that time of $450.00. That thereafter on the same day, while the said automobile was in the possession and custody of the defendant, Elise Bartlett, under and pursuant to the aforesaid loan thereof by the plaintiff, the said defendant negligently and carelessly drove and operated said automobile in or near the City of Gainesville, Alachua County, Florida, so that it ran off the public road and was wrecked and totally destroyed, to plaintiff's dam-

age in the sum of $450.00, with interest from May 15, 1935; hence this suit."

If the question posed by plaintiff in error stated a correct hypothesis, it might take us into fields where we are not required to explore under the facts here presented. The hypothesis is, "does proof of the return of the bailed property in a damaged condition create, as a matter of law, a *prima facie* or presumptive proof of the negligence alleged and shift the burden of proof on the bailee to show that the damage to the bailed automobile was not occasioned by his negligence?" The hypothesis is not correct because proof only of "the return of the property in damaged condition" was not relied on by the plaintiff. In addition to that proof there was evidence tending to show, and sufficient to show, that while the automobile was under the possession and control of the bailee and being used in bailee's business, it was so driven as to run off the highway where it came in contact with a telephone pole with such force and violence as to completely wreck the automobile.

The rule as stated in 6 Am. Juris, Bailments, Sec. 368, is:

"Where an action in respect of the thing bailed is brought by a bailor against his bailee in tort, and the complaint expressly alleges negligence on the part of the bailee or is construed as stating a cause of action based on negligence, the weight of modern authority supports the rule that the ultimate burden of proving negligence rests upon the bailor, and if, at the close of all the evidence the jury is in doubt whether due care was exercised, the bailor will fail. In such cases the bailor has made negligence a factor in his case, and the rule applies that the party seeking recovery must prove each essential element of his cause of action. This rule is generally supported by those decisions where the fact is assumed, conceded, or established by proof that the property bailed was stolen, injured or destroyed by fire,

or injured or its return prevented by some other cause which, in itself, warrants no inference of fault on the part of the bailee. The plaintiff in such a case is not relieved of his burden of proving negligence upon the whole case merely because there may be a presumption of negligence on the part of the defendant." * * *

This rule was met by the plaintiff.

Charges numbered 2 and 4 given the jury by the court are complained of. The charges are as follows:

2. Where a bailee or borrower of a chattel such as an automobile which was in good serviceable condition when borrowed, returns or surrenders the property to the bailor or lender in a damaged condition, that fact itself warrants an inference of negligence on the part of the bailees or borrowers and is a *prima facie* or presumptive proof of negligence on the part of the borrowers or bailees, where the injury or damage to the property was such as does not ordinarily occur without negligence on the part of its keeper unless the borrowers show to your satisfaction that they used all due and reasonable care to avoid damage to the property under the circumstances."

"4. As in all civil cases, the burden rests upon the plaintiff to prove to your satisfaction by a reasonable preponderance of the evidence which the court has elsewhere explained to you, all the material allegations of his declaration, but if you find the facts to be true which I have stated in other charges would warrant an inference of negligence or create a presumption or *prima facie* proof thereof on the part of the defendants, then such inference, presumption or proof of negligence is sufficient to justify your finding the defendants negligent as alleged in the declaration, unless they satisfy you by evidence that they were free from any negligence resulting in the injury, damage or destruction

.·of plaintiff's property which you find to be establîshed by the evidence."

The first part of charge No. 2 is qualified by the words, "where the injury or damage to the property was such as does not ordinarily occur without negligence on the part of its keeper." When the fourth charge is read in connection with this qualifying phrase in charge No. 2, and in connection with the evidence of negligence, the charges are seen to be without error.

On consideration of the entire record, we find no reversible error.

The judgment is affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

THOMAS, J., not participating.