SHANNON, Chief Judge.
The plaintiffs appeal from a directed verdict entered at the conclusion of the plaintiffs’ testimony in a negligence action.
Plaintiff Mary Lucy Burkett, after having completed her business in the defendant’s store, was proceeding to leave the premises and in so doing had occasion to use one of the two glass doors facing out to the east. The right hand door was constructed to swing out to the south and the left hand door was constructed to swing out to the north. There was a concrete foyer outside of the doors extending some distance both to the north and south of the two-door entrance-way and further extended to the east approximately fifteen feet to the curb. The record and a photograph therein show the two doors to be of glass and to be approximately thirty-six inches wide. As Mrs. Burkett approached the doorway an eye witness to the accident was proceeding in the same direction as was Mrs. Burkett, and approximately two steps behind her. According to the testimony of this witness:
“Q. What happened then as you saw her approach the door?
“A. As I noticed her she was having difficulty in the door and, as I mentioned, I was a couple of paces behind her, I verbally offered assistance. Evidently Mrs. Burkett didn’t hear me. In her attempt she opened the door — had a child in her left hand, opened the left-hand door with her right hand, and at that time she was having difficulty getting clear of the door to allow it to close. She would be facing north as *267 she stepped backwards, or south, to allow the door to swing clear and she tripped over some boards that were lying in the area of that right-hand door. She fell backward and the child left her arms and she fell into the boards. There was also' a counter type rack that they had stacked outside the doors. * * *
* * ‡ * * *
“A. Yes, sir, I would say it was a matter of an inch or inches from this other door, from the left-hand door.”
Mrs. Burkett was not aware of the presence of the lumber, nor did she see it at the time of the accident. If she had gone straight to the curb from the doorway itself the accident would not have occurred, but in her position and the condition under which she was opening the door and the lumber being only inches from the doorway itself, she fell in stepping backward to allow the door to swing shut. A bin which had been placed atop the lumber some two or three feet south of the door was the subject of part of the testimony but it was not the object over which Mrs. Burkett fell.
When the defendant’s motion for directed verdict was made, the trial judge stated:
“Gentlemen, I think the cause of the accident here is the sole negligence of the Plaintiff. I don’t think it’s a question of contributory negligence, I think it’s the negligence of the Plaintiff herself that caused the accident. I have to direct a verdict for the Defendant in this case. * * * ”
The defendant takes the position that regardless of whether the directed verdict was grounded on the sole negligence of the plaintiff, or the contributory negligence of the plaintiff as a matter of law, the trial court was correct. It seems to us, however, that the motion for directed verdict should have been denied.
In the case of Katz v. Bear, Fla. 1951, 52 So.2d 903, the supreme court delineated certain requisites necessary to the exercise of the power to direct a verdict. In any event, this power is cautiously exercised. In no event is it proper to direct a verdict “unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the adverse party be sustained.!’ Furthermore, the movant admits not only the facts shown by the evidence but also every reasonable inference favorable to the adverse party that the jury might reasonably conclude from the evidence. If the evidence conflicts or tends to prove the issues the case should be submitted to the jury under appropriate instructions. See also Hilkmeyer v. Latin American Air Cargo Expediters, Fla.1957, 94 So.2d 821. In the instant case we are unable to say that the manner employed by the plaintiff, Mrs. Burkett, in exiting from the defendant’s store under, the circumstances alluded to above, rendered her contributorily negligent as a matter of law. The fact that a shopper should have packages in both arms upon the completion of a shopping tour certainly cannot be said to be an unusual occurrence. The facts herein raise at the least an issue for the determination of a jury.
In Purdon v. Cohen, Fla.App.1961, 126 So.2d 575, summary judgment was granted against the plaintiff customer where she deposed that she guessed the tripod over which she tripped was clearly visible. This court, in reversing the summary judgment, stated that a jury question was produced. In the Purdon case the court relied on City of Jacksonville v. Stokes, Fla.1954, 74 So.2d 278, wherein the supreme court discussed the factor of visibility as one of the circumstances to be considered in determining whether the plaintiff used due care for his own safety. The court stated:
“ * * * If visibility alone settled contributory negligence every case of slipping on a floor or of encountering any stationary object would automatically be a case of non-liability for in all these cases the condition which caused the harm was visible. The question al *268 ways is whether the plaintiff used due care for his own safety, taking into account all the circumstances, of which the visibility of the object encountered is an important one, but still only one of the circumstances.
“The question is whether one should be aware of the danger. This depends largely upon the likelihood of encountering danger. Very rarely do objects from above cause us harm, so persons are not careless who do not go about examining the sky. One need not look for danger unless there is reason to expect it.”
It is our opinion that the circumstances existent herein, as reflected in the record, require a submission of the issues raised to the jury for its determination. The trial court, therefore, was in error in directing a verdict for the defendant.
Reversed.
SMITH and WHITE, JJ., concur.