SHANNON, Judge.
The appellant, defendant in the court below, brings this appeal, seeking reversal of a summary final decree entered in favor of the appellee, John Gerecter.
In December, 1956, the appellee and the appellant entered into a written contract, which contract was made a part of the complaint. Under the terms of this contract the City of Tarpon Springs, a municipal corporation, agreed to sell a certain-parcel of real estate to John Gerecter. This real estate was to be used by Gerec-ter for a golf club and accompanying facilities, in conjunction with another tract of city land which Gerecter was to lease. The purchase price was $30,000.00, of which $10,000.00 was paid to the City as a binder. The contract provided that the balance of the purchase price, to-wit, $20,-000.00, was to be paid to the City upon, completion by it of the following described work, which the City agreed to perform:
“j * * ^
“(a) To put in, or cause to be put in, dug and located a well on the golf course proper lying west of Alternate Highway 19 at a location to be selected by the City, which will provide an adequate water supply for said golf course and to have said well lined into the present water system servicing said golf course.
“Upon completion of the work described in subparagraphs (a) and (b) above, as well as upon compliance with paragraph 2 below, the Buyer shall pay to the City the balance of said purchase price amounting to $20,000.00' and the City shall simultaneously execute and deliver to the Buyer a good and sufficient deed of conveyance conveying a fee simple marketable title in and to the real estate above described, free and clear of all encumbrances ; * * *.
“2. It is Further Understood and Agreed that the City will, at its ex *567 pense, prior to carrying out the provisions of paragraphs 1(a) and (b) above, secure a written title insurance commitment issued by a reputable title insurance company doing business in the State of Florida binding such company to insure the title to the above described property in the name of the Buyer. * * * ”
The contract also contained a clause providing that in the event the City could not clear up the title within a reasonable time, “the Buyer may demand a return of the $10,000.00 earnest money paid by him as provided above.”
In his suit for declaratory decree and other relief, the plaintiff charges that the City did not own all of the property described in the contract, and that he had tried on many occasions to effect a settlement of the issues raised, having offered to either accept the return of the $10,000.-00 binder or to complete the purchase; but no action had been taken by the defendant. On July 2, 1962, Gerecter filed a motion for summary judgment, which was supported by an affidavit. The affidavit made the contract a part thereof and stated, in part:
“ * * * [T]hat the City agreed to warrant title of the golf course property and that the City did at all times prior to the execution of the formal agreement hereinabove referred to represent that the City was the sole owner of the land encompassed within the boundaries of said golf course; that sometime after the execution of the agreement above referred to, the Affiant learned for the first time the City was not fully vested with the title •of all land encompassed within the said golf course, but that portions of said golf course were owned or claimed to be owned by one C. E. Cook; * *
The affidavit also had attached to it certain newspaper clippings, published in a local newspaper, referring to the dispute over the title to the property. A notice of motion for summary judgment was filed on July 2, 1962, and served upon the attorneys for the City which stated that the motion would be heard by the court on July 16, 1962. On July 16, 1962, the City filed an answer, which was unverified. The City also filed a motion for denial of summary judgment on that date, which also was unverified. On July 16, 1962, the chancellor entered his final decree, which, among other things, decreed that the City of Tarpon Springs was indebted to the plaintiff in the amount of $10,000.00 together with costs.
Though the appellant sets forth several grounds in its brief for reversing the chancellor, it appears from the record that the chancellor has committed no error. Rule 1.36(c) of Florida Rules of Civil Procedure, 30 F.S.A. provides, in part:
“ * * * The adverse party prior to the day of hearing may serve opposing affidavits. The judgment or decree «ought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. * * * ”
In the case of Crovella v. Cochrane, Fla. App.1958 (First District), 102 So.2d 307, the rule is stated as follows:
“It is the duty of counsel to make timely presentation of all evidence of his client on the issues raised by a motion for summary judgment if he is to avoid the consequences of a proper disposition of the motion on the evidence before the court. Sartor v. Arkansas Natural Gas Corp., 5 Cir., 134 F.2d 433.”
From the record it is apparent that the summary decree was properly entered by the chancellor below. The plaintiff, by his motion for summary decree, with the *568 affidavit attached thereunto, raised the relevant issues to be decided herein. It then devolved upon the defendant to answer and rebut these issues. The chancellor below held that the equities were with the plaintiff, that there was no genuine issue of any material fact, and that the plaintiff was entitled to a decree as a matter of law. We agree. It is patent that the entire contract between the parties was contingent upon the City deeding Gerecter good title to the land. He was to improve and maintain a golf course thereon, as well as to add various facilities. Appellant maintains that by failing to proceed with such plans, Gerecter himself was in default. This argument is not acceptable. The City could not require Gerecter to proceed with construction on land which might at any time be claimed by some third party.
Further, the appellant argues that it should be able to plead in mitigation of plaintiff's claim the expenditure of $6,632.-20 for the drilling of the wells mentioned in the contract. However, the lower court found that the wells did not produce an adequate water supply, as required by said contract, and, in fact, they apparently yielded only salt water. But even if the chancellor’s findings were not accepted on this.point, it must once again be remembered that these wells were to be used for servicing the golf course; here Gerecter had no golf course, because the City could not pass good title. Fie cannot be made to pay for wells which are of no benefit and are unacceptable.
As to the appellant’s argument that the newspaper clippings were not proper for consideration by the chancellor, we cannot say there was error here. There is no mention by the chancellor of the clippings, so we do not even know if he did consider them. There was sufficient evidence without the clippings to support the chancellor’s decision.
Finally, the appellant argues that the lower court erred in finding that the $10,-000.00 binder “was not subject to forfeiture upon breach of the agreement by the plaintiff notwithstanding the full performance of said agreement by the defendant.” Our reply to this assignment is that the court did not find that the plaintiff breached the contract; in fact, it found to the contrary. There was no forfeiture clause in the contract.
Considering all of these arguments and facts, then, it is only too obvious that there is indeed no genuine issue as to any material fact, and that the plaintiff is entitled to a decree as a matter of law. He could not possibly be expected to perform his part of the contract if he could not obtain the land upon which to perform it. It was up to the City to supply this land; having failed to do so, it cannot complain when the plaintiff asks for the return of his binder.
Finding no error herein, therefore, we affirm the decision of the chancellor below.
KANNER, Acting C. J., and SMITH, D. C., Associate Judge, concur.