TILLMAN PEARSON, Judge.
The appellant was defendant in a non-jury trial which resulted in a judgment for the plaintiff, appellee. The plaintiff proved that he had left his yacht with the defendant for sale under an agreement which amounted to a bailment for the mutual benefit of the plaintiff and the defendant. The yacht was stolen and lost, whereupon the plaintiff instituted this action.
By way of affirmative defense, the defendant in its answer asserted that a printed portion of the “Consignment Contract” indicated that the plaintiff had waived any right he might have against the defendant for theft or casualty. The specific portion of the contract in question reads as follows :
“Due to limited physical facilities, the consignee hereby waives all responsibility for theft or any casualty.”
*479 At trial the plaintiff proved the bailment and loss of his yacht while in the possession of the bailee. In doing so, the bailor made out a prima facie case. The duty then devolved upon the bailee to go forward with the evidence and show that it exercised ordinary care. Stegemann v. Miami Beach Boat Slips, Inc., 213 F.2d 561 (5th Cir.1954). At the close of the plaintiff’s case, the defendant moved for a directed verdict which was denied. Defendant’s case was limited to the exculpatory provision in the bailment contract referred to above. The defendant presented no evidence to establish that due care had been taken to protect the boat from damage or theft. The lower court found that the printed clause of the contract in question was ambiguous and therefore legally insufficient to excuse the defendant and accordingly, found for the plaintiff.
We agree with the trier of fact. A reading of the contract provision reveals that it attempts to set forth a waiver by “the consignee”. The defendant was the consignee although the defendant now attempts to have this court construe the clause as meaning that the plaintiff-consignor waived his rights. At the least such a statement is ambiguous and should be resolved against the party who drafted the agreement, in this instance the defendant. In particular, exculpatory provisions should be strictly construed. 8 Am.Jur.2d, Bailments § 128 and cases cited at footnotes 19 and 20. See also 7 Fla.Jur., Contracts § 87. We hold that .the contract provision was ineffective as a waiver by the plaintiff who was the consignor, and that the defendant failed to rebut the presumption that it was negligent. Cf., Adelman v. M. & S. Welding Shop, Inc., Fla.App. 1958, 105 So.2d 802, 803.
The appellant has raised one other point concerning the amount of damages allowed for the loss of the yacht. We hold that the lower court did not err in determining its fair market value.
Affirmed.