181 So.2d 575 (1965)
JOHN B. REID & ASSOCIATES, INC., a Florida corporation, Appellant,
v.
Marcos Perez JIMENEZ and Wamoco, Inc., a Florida corporation, Appellees.
No. 65-130.
District Court of Appeal of Florida. Third District.
November 9, 1965.
Rehearing Denied January 26, 1966.
*576 Hylan H. Kout, Miami Beach, for appellant.
Walters, Moore & Costanzo and Richard R. Booth, Miami, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and SWANN, JJ.
TILLMAN PEARSON, Judge.
The plaintiff, John B. Reid & Associates, Inc., is a Florida corporation acting as a real estate agent under the Florida law through the license of its President, John B. Reid. The plaintiff-corporation appeals a final judgment for the defendant based on a directed verdict, which was entered on the motion of the defendant at the close of plaintiff's evidence. The action was brought against defendants Marcos Perez Jimenez and Wamoco, Inc. It was alleged that Jimenez was the actual purchaser of certain real property on which the plaintiff had a listing to produce a purchaser. It was then alleged that the plaintiff, broker, produced defendant-Jimenez, and that Jimenez took title in defendant-Wamoco as a subterfuge. The gist of the complaint was that the defendants are liable to the plaintiff for their intentional and unjustified interference with an advantageous business relationship which existed between the plaintiff and the seller. The relationship referred to is the employment to procure a purchaser for the property which was purchased by defendant-Wamoco.
We hold that the evidence presented by the plaintiff was sufficient to establish a prima facie case and that the court erred in entering the directed verdict.
In Franklin v. Brown, Fla.App. 1964, 159 So.2d 893, the District Court of Appeal, First District, considered a similar case. Founding its opinion upon the holding of the Supreme Court of Florida in Dade Enterprises, Inc. v. Wometco Theatres, Inc., 119 Fla. 70, 160 So. 209 (1935), the District Court of Appeal held:
"* * * In the complaint herein reviewed, it is alleged appellee knew if the owner Smith had been informed of appellee's negotiations with appellant concerning a sale of the property, Smith would not have sold for the price *577 of $26,000.00 but would have required payment of the full listed price of $27,400.00, which price appellee was ready, willing, and able to pay, and would have paid if his fraudulent scheme had not been successful. These allegations are sufficient to impose upon appellee a duty to make full disclosure to Smith of appellant's participation in the transaction and the services he had rendered in interesting appellee in the purchase of the property. This the appellee failed to do. `It is fundamental that a suppression of truth may constitute fraud as much as a false suggestion, provided that it is material to the transaction. A distinction must be drawn, however, between passive and active concealment. The former involves mere silence or failure to disclose a fact, while the latter involves a purpose or design. It is only when there is a duty to reveal the fact that mere nondisclosure constitutes fraud.' The conclusion we have reached [complaint states a cause of action] finds support in decisions from other jurisdictions."
In reaching the holding quoted, the court set out the elements that are necessary to establish the tort. First, the existence of a business relationship under which the plaintiff has legal rights. However, it is specially pointed out that this relationship need not be evidenced by an enforceable contract. Second, that in order to secure an advantage, the defendant, by fraud, induces plaintiff's business associate to act in a way which destroys plaintiff's business relationship. It is specifically noted that this inducement may be by means of the concealment of a fact which the circumstances require that the defendant should reveal. Third, that the plaintiff is damaged as a result of the breach of the business relationship.
Before discussing the facts on appeal, it should be pointed out that a motion for directed verdict admits for the purposes of the motion all of the facts in evidence and every reasonable and proper conclusion based thereon which is favorable to the adverse party; therefore, it is appropriate to direct a verdict for the defendant only when the evidence, considered in its entirety, and the reasonable inferences to be drawn therefrom fail to prove the plaintiff's case. Hartnett v. Fowler, Fla. 1957, 94 So.2d 724; Burkett v. Belk-Lindsey Co., Fla.App. 1962, 137 So.2d 266; Jackson v. Harrell, Fla.App. 1965, 171 So.2d 633. And if the evidence is conflicting and permits different reasonable inferences, the case should be submitted to the jury under appropriate instructions. Hilkmeyer v. Latin American Air Cargo Expediters, Inc., Fla. 1957, 94 So.2d 821; Burkett v. Belk-Lindsey Co., supra.
From this viewpoint, we find the following facts in the record. The plaintiff, corporation, through its president and licensed broker, was the broker when E.B. Holtam purchased a large estate on Miami Beach. Mr. Holtam made it known that he had purchased the estate as an investment, and at the closing he orally employed the same agent to find a purchaser for the estate at a price of $225,000 or a lower price satisfactory to him. Later, Mr. Holtam confirmed to Mr. Reid that he would pay a 5% commission to the corporation if it found a purchaser.
During the period from August 10, 1962, to September 7, 1962, the plaintiff, corporation, through its President Reid, contacted the defendant, Jimenez, several times. Defendant-Jimenez knew that plaintiff was a broker attempting to earn a commission and that the plaintiff represented the seller, Holtam. Plaintiff received a letter from Jimenez manifesting an interest in the property. On November 14, 1962, a deposit receipt agreement for the purchase of the property was signed by Wamoco, Inc. and submitted to Holtam who accepted the offer. Holtam first learned of Wamoco's interest in the purchase of the property through one Santiago. Santiago told Holtam that Wamoco was a corporation controlled by a wealthy man who was living in Italy. In actuality, Wamoco was a bare corporate entity which *578 was owned entirely by Jimenez and was organized and operated by him with dummy officers. Jimenez used the corporation for the purpose of taking title to the property involved. It was not until after the signing of the contract that Holtam learned that Jimenez was the real party in interest. In due course, the defendant, Wamoco, purchased the property for $165,000.
The statement of the facts above is sufficient to demonstrate that all of the elements required by Franklin v. Brown, Fla.App. 1964, 159 So.2d 893, are present in this case. We repeat that the task of stating the facts has been undertaken in such a way as to give the plaintiff the benefit of every reasonable inference which may be drawn from the evidence. We hold that the facts are sufficient to take the case to the jury and that the court should not have directed a verdict.
Reversed and remanded.