ALLEN, Chief Judge.
Southern Mill Creek Products Company, Inc., defendant below, has appealed from a final summary judgment entered in favor of appellee Ferrell Jewelers of Tampa, Inc., plaintiff below.
The appellee brought an action against the appellant to recover damages, which allegedly occurred as the result of an explosion, to goods stored in defendant’s warehouse.
The complaint alleged that property belonging to it was stored for payment of consideration in defendant’s warehouse and that this property was destroyed while in defendant’s custody and control. The complaint did not allege negligence on the part of the defendant.
The defendant raised the sufficiency of the complaint by motion to dismiss, but this motion was denied by the trial court.
In its answer, defendant admitted the bailment but alleged “that the damage done to plaintiff’s property was not caused by defendant’s failure to exercise such care in regard to it as a reasonably careful owner of goods would exercise.” Defendant also alleged that the destruction of plaintiff’s property was occasioned by an explosion of a chemical product in a sealed barrel in the warehouse. This latter allegation was stricken by the trial court upon *691 plaintiff’s motion but the answer was subsequently amended by defendant to raise this matter again.
Plaintiff moved for a summary judgment, attaching an affidavit of its president supporting the allegations of the bailment, the value of the property bailed, and the total destruction of the goods because of an explosion occurring at the warehouse. Defendant filed a counter-affidavit by its president stating that the explosion originated in a sealed, unopened container of a chemical product manufactured by Shell Oil Company which was stored in the warehouse; that defendant had for a long time prior to the date of the accident handled and stored numbers of shipments of this product; and that it was stored at the same place in the warehouse as had been used for storage on many other occasions. The affidavit also stated that the affiant had acquainted himself with all information and literature which had been prepared by Shell Oil Company concerning the product involved and that he had no knowledge either from these sources or otherwise that storage of the product at the time of the explosion would or would likely result in an explosion.
The trial court granted summary final judgment in favor of plaintiff.
We are of the opinion that the court erred in denying the motion to dismiss the complaint. The plaintiff’s complaint should have alleged the defendant’s negligence or want of due care.
We also conclude, because of the same deficient complaint, that the court erred in granting a summary judgment in favor of the plaintiff.
The defendant contends that its liability either as a warehouseman or a bailee must be based on negligence. With this we agree. If this case were tried, the bailor would have made out a prima facie case by showing the bailment and the loss of the property bailed while in the bailee’s possession which, raising an inference of want of due care on the bailee’s part, would have required the defendant bailee to go forward with the evidence to show that the damage did not occur as a result of its negligence or want of due care. After the defendant had shown its proper care for the bailed goods, the burden fell on the plaintiff to prove the negligence of the defendant because the defendant in a bailment case is not an insurer of goods placed in its care but is liable only for its negligence.
II Chitty, Pleadings 67-9 (16th Am. ed. 1883) sets forth several complaints by a bailor against a bailee. We find that each of these complaints charge the bailee with not using due care of the goods retained.
One of the complaints in an action concerning a repairable watch, alleges that the watch was injured, broken and deteriorated because of the careless, negligent and improper conduct of the defendant. In a second case, an action against a pawnbroker for the loss of a pledge, it was alleged that the defendant, while he had custody of the goods, negligently lost them. Another complaint was against a bailee for not taking care of goods and for losing same. That complaint alleged, in effect, that while the goods were in bailee’s custody he took so little care thereof that same were damaged and injured and became a loss to the plaintiff.
The appellee cites the case of Adelman v. M & S Welding Shop, Fla.App.1958, 105 So.2d 802, which held that a complaint in a bailment case was sufficient where it did not allege any specific or general acts of negligence by the bailee. The defendant appellant agrees that the Adel-man case mentioned above so holds. We might say, in passing, that we have secured a copy of the second amended complaint in the Adelman case and it does not allege negligence.
In Adelman, the defendant moved to dismiss the second amended complaint on the ground that it failed to state a cause of action upon which relief could be granted. *692 The court sustained the motion to dismiss the case but, on appeal, the Third District Court of Appeal reversed.
In Adelman, the court, in its opinion, quotes from the Supreme Court of Alabama in the case of White Swan Laundry v. Blue, 223 Ala. 663, 137 So. 898, 899, as follows:
“ ‘It is familiar law that in bailments for the mutual benefit of the parties, where there is no express agreement to the contrary, the law raises an implied obligation on the part of the bailee to exercise reasonable care to preserve the property from loss or injury, and a failure to do so constitutes a breach of the contract of bailment (Higman v. Camody, 112 Ala. 267, 20 So. 480, 57 Am.St.Rep. 33); and, where the bailee fails to exercise such care, and the property is damaged, the bailor may maintain an action of assumpsit for breach of the contract, or an action on the case for breach of the duty. Davis & Son v. Hurt, 114 Ala. 146, 21 So. 468.”’
We note from reading the decision of the Alabama Supreme Court in the White Swan Laundry case, supra, that the complaint alleged that the defendant, while acting within the scope of its authority, handled, cleaned or laundered plaintiff’s blankets in such a negligent manner that as a proximate consequence of such negligence on the part of the defendant, the said blankets were shrunk, torn, made thin, and otherwise greatly damaged.
The Adelman case, supra, also cites Porter v. Izlar Motor Co., 1938, 134 Fla. 798, 184 So. 329, and Coombs v. Rice, 1912, 64 Fla. 202, 59 So. 958, as showing that when a complaint in an action by a bailor against the bailee alleges that the property bailed was damaged as a consequence of some particular acts of negligence of the bailee, then, of course, the plaintiff has the burden of proving his allegations. This is so whether the action sounds in contract or case.
In Coombs v. Rice, supra, the Florida Supreme Court said:
“In an action for a negligent injury to persons or property, it is, in general, necessary to allege only ultimate facts showing the relation between the parties out of which the duty to avoid negligence arises under the law, and the act or omission that proximately caused the injury, coupled with an allegation that such act or omission was negligently done or omitted. Warfield v. Hepburn, 62 Fla. 409, 57 South. 618.
“In this case the relation of the parties as bailor and bailee for mutual benefit, out of which the duty arises, is necessarily included in the allegation that the plaintiff committed his boat to possession of the defendant for a purpose and a mutual consideration good in law. The negligent act of the defendant that proximately caused the injury is stated to be that the ‘defendant did, by his negligence in fastening said boat or vessel and leaving it unattended at a place exposed to imminent danger from fires, negligently permit said boat or vessel to be burned and destroyed by fire.’ The ultimate act of negligence thus alleged was ‘in fastening said boat or vessel and leaving it unattended at a place exposed to imminent danger from fires.’ The declaration is not subject to the criticisms so forcefully stated by counsel for the plaintiff in error.
“Unless the plaintiff shows, by a preponderance of the evidence, that the defendant was negligent in fastening the boat and leaving it unattended at the place where it was burned, he should not recover under this declaration. See Dexter v. Seaboard Air Line Ry., 55 Fla. 292, 45 South. 887, and cases cited.”
In Porter v. Izlar Motor Co., 1938, 134 Fla. 798, 184 So. 329, the complaint alleged:
“ * * * That thereafter on the same day, while the said automobile was in the possession and custody of the defendant, *693 Elise Bartlett, under and pursuant to the aforesaid loan thereof by the plaintiff, the said defendant negligently and carelessly drove and operated said automobile in or near the City of Gainesville, Alachua County, Florida/ so that it ran •off the public road andywas wrecked and totally destroyed, to plaintiff’s damage in •the sum of $450.00, * * * ”
4 Shearman and Redfield, Negligence §§ <650, 651 (Zipp’s rev. ed. 1941), states the following:
“§ 650 Duty owed by Bailee.
“A bailee is not an insurer of the subject of the bailment. Negligence in the care of the goods is the basis of the bailee’s liability.
“ * * *
“A bailee for hire is subject to the obligation of ordinary care. The obligation of a gratuitous bailee is commonly described as involving the exercise of slight care and as being violated only when there has been gross negligence.
“§ 651. Presumption of negligence from failure to return bailed article or its return in a damaged condition.
“The cases agree that where a bailee of goods, although liable to their owner for their loss or damage only in case of negligence, fails upon their being demanded, to deliver them intact or account for such non-delivery, this is to be treated as prima facie evidence of negligence.
“This rule has been said to proceed from the assumed necessity of the case, it being presumed that the bailee has exclusive knowledge of the facts and that he is able to give the reason for his nondelivery, if any exist other than his own fault.
“ ‘Negligence may indeed be inferred in the first instance from the delivery of the subject of the bailment and the failure to return it. Even so, the inference may be repelled through proof by the bailee that the thing, though not returned, has been lost without his fault.’ ”
In the case of Peacock Motor Company of Marianna, Inc. v. Eubanks, Fla.App.1962, 145 So.2d 498, the First District Court of Appeal reversed the lower court in an action by an automobile owner against a garageman to recover for the loss of personal property destroyed by fire while in in the garageman’s possession.
The circuit court entered judgment for the automobile owner and the garageman appealed. The district court held that the garageman to whom plaintiff delivered his automobile for repairs could not be held liable on the theory of breach of contract of bailment for the loss of personal property in the automobile as the result of a fire which burned the garage and the property left in the automobile although garageman assured plaintiff he would take good care of the property, where there was no showing that garageman was negligent.
The court, in its opinion (p. 500) said:
“The transaction here was a bailment for mutual benefit, one in which the parties contemplated some price or compensation in return for the benefits flowing from the fact of bailment. As a general rule a bailee is not liable, in the absence of negligence or violation of his special contract, for loss in respect of the thing bailed, resulting from the inherent nature or some infirmity of that property, itself, disaster, or accidental casualty. [Cases cited.]”
In the case of West v. Blackshear & Co., 20 Fla. 457 (1884), Blackshear & Company sued West for damages for injuries to their horse, occasioned by the defendant’s negligence. The declaration contained two counts. The first count, in substance, alleged that the defendant hired from the plaintiff a horse, and that while he had the same on hire, he treated it in such a careless and negligent manner that the horse became wounded, damaged, sick, lame, and *694 deteriorated in value. The second count alleged that the defendant imprudently, carelessly and negligently left the horse unattended while harnessed to a vehicle, and carelessly and negligently left him insecurely fastened while harnessed to a vehicle, in consequence of which the horse ran away with the vehicle attached to him, bruising, wounding and maiming himself. The Court, in its opinion (p. 461) said:
“An action of this character may be maintained against a bailee, upon the contract for bailment, for any neglect or breach of duty. 1 Chitty Pleadings, 16th Ed., 114; [and cases cited],
“The court did not err in overruling the demurrer. An allegation of carelessness and negligence appears in both counts of the declaration. The injury was sufficiently described, and facts were stated to give the plaintiffs a right of action.®
In the case of Richmond Sand & Gravel Corp. v. Tide-Water Construction Corp., 170 F.2d 392 (4th Cir. 1948), it was said that a presumption of negligence which falls on the bailee who fails to return a bailed article in good condition or to return it at all, does not cast on bailee ultimate burden of proving how damage occurred, but such presumption is a rebuttable presumption whose sole effect is to shift to bailee burden of proceeding with evidence. Such presumption is not evidence for the jury’s consideration, and when rebutted by bailee by showing how disaster in fact occurred without negligence of bailee or by showing that bailee exercised requisite care, it disappears from the case.
In the case of Texas City Terminal Ry. Co. v. American Equitable Assur. Co. of N. Y., 130 F.Supp. 843 (S.D.Tex.1955), it was said that under Texas law, in a suit by bailor against bailee, the burden is on bailor to allege and prove negligence. A prima facie case is made if bailor shows delivery and non-delivery back, but if bailee then shows that property was destroyed by fire or explosion or a similar event, then the bailee is relieved from responsibility unless the bailor fulfills his burden by showing negligence.
Another Federal case, Ganson Warehouse, Inc. v. U. S., 166 F.Supp. 606, 143 Ct.Cl. 891 (1958), held that in an action by bailee against bailor for services rendered under bailment contract, bailee must show that services were performed and bailed article was returned, and, after such showing, bailee is entitled to judgment, in absence of facts pleaded and proved by bailor that would preclude such recovery.
In Porter v. Izlar Motor Co., 1938, 134 Fla. 798, 184 So. 329, our Supreme Court, in its opinion, quoted from 6 Am.Juris., Bailments, Sec. 368, as follows:
“ ‘Where an action in respect of the-thing bailed is brought by a bailor against, his bailee in tort, and the complaint expressly alleges negligence on the part of the bailee or is construed as stating a-cause of action based on negligence, the-weight of modern authority supports the rule that the ultimate burden of proving negligence rests upon the bailor, and if, at the close of all the evidence the jury is in doubt whether due care was exercised, the bailor will fail. In such cases-the bailor has made negligence a factor in his case, and the rule applies that the-party seeking recovery must prove each-essential element of his cause of action. This rule is generally supported by those-decisions where the fact is assumed, conceded, or established by proof that the property bailed was stolen, injured or destroyed by fire, or injured or its return prevented by some other cause-which, in itself, warrants no inference of fault on the part of the bailee. The plaintiff in such a case is not relieved of his burden of proving negligence upon the whole case merely because there may be a presumption of negligence on the part of the defendant.’ ”
We do not think that the plaintiff in this-case stands in a different position from that of a plaintiff in a railroad damage- *695 suit. Florida law provides that a railroad company is liable for any damage done by the running of locomotives or cars or other machinery of the railroad unless the company shall make it appear that their agents have exercised all ordinary, reasonable care and diligence.
In a suit brought against the railroad the complaint must clearly allege some act of negligence and must distinctly allege that such negligence was the proximate cause of the injury. Clark v. Atlantic Coast Line R. Co., 1939, 141 Fla. 155, 192 So. 621; Cline v. Powell, 1939, 141 Fla. 119, 192 So. 628.
In the trial of such a case, the plaintiff need prove only that the injury was caused by the negligent running of the locomotive or cars, upon which proof the statute raises the presumption of negligence on the part of the company that may justify a recovery of damages, unless the railroad company makes it appear from its evidence that its employees exercised reasonable care to avoid the injury. After this is done, the presumption disappears and the plaintiff has the duty of proving negligence alleged in his complaint.
Carson, Florida Common Law Pleading Practice and Procedure 198 (rev. ed. 1940), states:
“In actions by passengers the general rule as to pleading the essentials of the •cause of action in the declaration prevails. It is generally sufficient to allege the ultimate facts showing that the relation of passenger and carrier existed, and that the defendant negligently did or •omitted the act or acts that proximately •caused or contributed to cause the injury as stated, the specific facts that actually caused the injury being duly alleged so that a definite issue may be presented for trial. In judging the sufficiency of the declaration, the essentials •of the one stated in German-American Lbr. Co. v. Brock, 55 Fla. 577, 46 So. 740, although not a carrier case, are approved by the court.”
The summary judgment granted the plaintiff in this case was, therefore, incorrectly rendered. Since we are reversing the trial court for denying the motion to dismiss the complaint for its failure to allege negligence, we must conclude that the summary judgment was granted on a basis other than the negligence of the bailee.
Reversed.
SHANNON and PIERCE, JJ., concur.