DREW, Justice.
The petitioner in this case obtained a summary judgment for the value of property stored with respondent as bailee, entered upon a complaint and supporting affidavit alleging the destruction of the property while in the custody and control of the bailee. Upon appeal the district court reversed the judgment of the trial court “for denying the motion to dismiss the complaint for its failure to allege negligence,” 194 So.2d 690, 695. Certiorari has been granted because of conflict between this decision and that in Adelman v. M. & S. Welding Shop, Fla.App. 3rd Dist. 1958, 105 So.2d 802.
 The two opinions adequately state the facts and issues involved. We conclude upon a review of the applicable principles of law that the court in the Adelman case properly sustained the complaint on the ground that it is unnecessary to plead inferences or facts necessarily implied from other facts stated, as to a matter peculiarly within the knowledge of an adversary. The contrary decision on this point in the case at bar should therefore be quashed.
The opinion below is further in error, upon the record in this cause, in concluding that summary judgment was improperly granted “on a basis other than the negligence of the bailee.” Defendant’s answer by order granting a motion to strike, was reduced to a single defense, i. e. “that the complaint fails to state a cause of action against defendant.” Leave to amend was expressly limited to twenty days from the date of such order. The record reflects no compliance with the rules[1] requiring leave of court in connection with an attempted amendment to the answer controverting the alleged breach of bailment contract, proffered more than three weeks after expiration of the time specified. In addition, there appears to be at least some doubt that defendant met the requirement that counteraffidavits be served prior to hearing on a motion for summary judgment.[2]
Even disregarding these omissions, however, the defensive affidavit filed on motion for summary judgment asserted a lack of any knowledge on the critical issues and therefore, in view of the conceded bailment and loss, failed to show the existence of evidence which would “raise doubts as to the validity of the inference” of breach of the duty of care by a bailee in *659 these circumstances.[3] In this situation we think that the absence of any genuine issue of material fact was adequately shown and that the summary judgment entered accordingly should have been sustained.
The rules of this Court[4] require the respondent to file his brief on the question of jurisdiction in the cause and prescribes the form and outline of the substance for inclusion therein. If, as here, we accept jurisdiction, the rules then require the filing of a brief on the merits. Should the movant fail to file such briefs when required, the cause is, in the absence of compelling reasons justifying a contrary action, dismissed.[5] While petitioner in this proceeding has met these requirements, the respondent not only neglected to file his brief on jurisdiction but, when jurisdiction was accepted, failed to file his brief on the merits. The only assistance we have received from respondent is the five minutes of oral argument the Chief Justice[6] allowed him.
It is the duty of counsel, of course, to comply with the rules in all instances and where, for any reason, this cannot be done he should apply to the Court for permission to withdraw from the case, giving timely notice thereof to his client so that the client may arrange for other counsel to represent him in the further progress of the cause. The burden this Court carries is great enough without being required, as here, to research the question presented.
The decision of the appellate court is quashed and the cause remanded with directions that the judgment of the trial court be affirmed.
CALDWELL, C. J., and ROBERTS and THORNAL, JJ., concur.
THOMAS, J., agrees to the conclusion.

. Rule 1.15(a), F.R.C.P., 30 F.S.A. Cf. Settecasi v. Bd. of Pub. Instr., Fla.1964, 156 So.2d 652.

. Cleveland Trust Co. v. Foster, Fla.1957, 93 So.2d 112; City of Tarpon Springs v. Gerecter, Fla.1963, 155 So.2d 566. “ * * * The adverse party prior to the day of hearing may serve opposing affidavits.” Rule 1.36(c), Florida Rules of Civil Procedure. Objection in the present case was based on the fact that plaintiff did not receive the affidavit before the hearing on. Monday, November 9, 1965. An amended certificate of service filed by defendant after the hearing indicated a copy of the affidavit was mailed to plaintiff on Saturday, November 6. Plaintiff contended that Rules 1.36(c), 1.4"(b), and 1.6(e), F.R.O.P., should be construed to preclude filing of the counteraffidavit, and that the court did not in fact permit or consider such in this case by its entry of summary judgment against defendant. Disposition of the point is impossible to determine on the record here.

. Comm. Molasses Corp. v. N. Y. Tank Barge Corp., 314 U.S. 104, 111, 62 S.Ct. 156.

. Rule 4.5, subd. c., F.A.R., 32 F.S.A.

. F.A.R. 6.13.

. F.A.R. 3.7, subd. i provides that such failure shall forfeit the right of respondent to orally present his argument.