256 So.2d 74 (1971)
ITT CONSUMER SERVICES CORPORATION, a Delaware Corporation, Appellant,
v.
TRAVELERS INDEMNITY COMPANY, Subrogee for Sky Lake Country Club, Division of Two Seasons, Incorporated, Appellee.
No. 71-314.
District Court of Appeal of Florida, Third District.
December 21, 1971.
Rehearing Denied January 21, 1972.
Adolfo del Castillo, Coral Gables, for appellant.
Max A. Goldfarb and Oscar C. Edrington, Miami, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
HENDRY, Judge.
Appellant-defendant ITT Consumers Services, Inc. appeals a final judgment entered against it. A bailment action was brought by appellee-plaintiff Travelers Indemnity Company ("subrogee"), the subrogee for Sky Lake Country Club, which is a division of Two Seasons, Incorporated ("bailor"). This was a non-jury trial in which liability was the sole issue, the amount of damages being stipulated to by the parties.
Many of the facts are undisputed. The parties agree that a mutual benefit bailment was created on October 11, 1968, when the bailor, through its employee, delivered a 1968 Cadillac with its keys to appellant, for valet parking at the Miami International Airport. The bailor was given *75 a claim check by the attendant. On October 13, 1968, when the bailor returned for redelivery of the car, the appellant failed to redeliver it.
The bailor filed a claim under its comprehensive insurance policy, and under the theft clause. The appellee-Travelers Indemnity Company became subrogated to that claim, on paying it. Travelers filed suit for the loss of the automobile.
The airport parking facility had several gates, all manned by attendants. The bailee had possession of the keys, and its part of the claim check when redelivery was demanded. The bailee therefore urges that only active malfeasance on the part of several persons acting in concert would explain the disappearance of the Cadillac under the circumstances. The bailee argues that it did exercise due care, in view of these circumstances.
The agent of the bailor allegedly refused to fill out a claim report or to immediately notify the police. The bailee claims this constituted contributory negligence.
As points for reversal the bailee, ITT contends that the court erred: (1) in denying defendant's motions for judgment and for judgment n.o.v., (2) in denying as not timely defendant's invocation of the rule as to sequestration of witnesses, and (3) in refusing to admit the airport parking claim form. We hold that appellant has failed to demonstrate reversible error under the facts of this case and affirm.
The instant bailment was a bailment for the mutual benefit of both bailor and bailee. In the absence of an agreement to the contrary, the bailee is held to the standard of ordinary care and is liable for ordinary negligence.
The plaintiff proved the bailment and loss of the chattel while in possession of the bailee. In so doing the subrogee of the bailor made a prima facie case as to the bailment. The duty then devolved upon the bailee to go forward with the evidence and show that it exercised ordinary care. Harbor One, Inc. v. Preston, Fla. App. 1965, 172 So.2d 478; Porter v. Izlar Motor Co., 134 Fla. 798, 184 So. 329.
The appellant offered testimony in support of its explanation of concerted illegal activity by its employees. Certain of this supporting testimony is at least inconsistent, and it is susceptible of conflicting inferences. These questions of credibility of the testimony and weight assigned to inferences drawn therefrom were for the trier of the facts. He resolved them adverse to appellant.
Appellant's point as to invoking the rule of sequestration of witnesses is without merit. City of Miami Beach v. Washburn, Fla. 1956, 88 So.2d 555. The appellant has failed to demonstrate that the refusal to allow the parking claim ticket into evidence was reversible, rather than merely harmless, error.
For the reasons stated, the judgment appealed is affirmed.
Affirmed.