CARROLL, Judge.
A freight carload of Bumble Bee Brand canned fish was transported by rail to Miami from a point in the State of Washington. The bill of lading showed the consignor as the consignee, with direction for delivery to “Seaboard Warehouse Terminal, Miami, Fla.”
*587 The carrier left the freight car beside the warehouse of Seaboard Warehouse Terminal, Inc., on the railroad siding leased by the warehouse company. That was done on a Saturday. The warehouse company, which was not open for business on Saturdays or Sundays, had received notice of such shipment, but was not aware of the day or time when the car would arrive. Several times on Saturday and Sunday the car was checked by an employee of the carrier and found to be secure. However, when the warehouse company opened for business on the following Monday morning it was discovered that the car had been broken into, and 174 boxes of canned fish had been removed and were missing.
The consignee filed an action against the warehouse company and the. carrier, Seaboard Coast Line Railroad Company, for the value of the stolen goods, charging each defendant with negligence. Upon trial of the cause the court found that the carrier had made delivery to the warehouse company, based on evidence that the warehouse company customarily had received such deliveries after business hours or on week ends, without having given contrary instructions to the carrier, except as to cars containing tobacco products, which the warehouse company had informed the carrier should not be delivered after its business hours or on Saturdays or Sundays.
The judgment entered, as amended, was in favor of the plaintiff against the warehouse company for $4,231.35. It absolved the carrier of liability. The warehouse company appealed therefrom (appeal No. 72-1220). The plaintiff also appealed, claiming the court erred by not holding the defendant carrier liable for the lost merchandise (appeal No. 72-796).
The primary question for determination here, as it was in the trial court, is whether the carrier’s deposit of the freight car on the siding, in the circumstances and at the time when it was done, was delivery thereof to the warehouse company. Additionally, if there was delivery, there was the need to show a breach of duty by the warehouse company as bailee.
In our opinion the holding of the trial court that delivery was made to the warehouse company, thereby imposing on the latter the status and duty of bailee, was correct on the record. First, as pointed out by the appellee railroad company, from its standpoint the placing or spotting of a freight car on the leased siding of a consignee or designated recipient thereof, constitutes delivery. Secretary of Agriculture v. United States, 347 U.S. 645, 74 S.Ct. 826, 98 L.Ed. 1015; Republic Carloading & Distributing Co. v. Missouri Pacific R. Co., 8 Cir. 1962, 302 F.2d 381; Loveless Mfg. Co. v. Roadway Exp., Inc., N.D.Okl.1954, 104 F.Supp. 809. Secondly, evidence showing that by custom the warehouse company had received delivery of such freight cars when spotted or deposited on its leased siding at times other than during the company’s regular business hours, was sufficient upon which to hold there was a delivery in this instance. See Pratt v. Grand Trunk Ry. Co., 95 U.S. 43, 24 L.Ed. 336; Ward v. Pere Marquette Ry. Co., 231 Mich. 323, 204 N.W. 120. The breach of duty by the warehouse company as bailee of the car after its delivery, sufficiently appeared where it was shown that the warehouse company had taken no protective measures to safeguard the contents of the car from removal or theft during the period involved. Harbor One, Inc. v. Preston, Fla.App.1965, 172 So.2d 478; ITT Consumer Services Corporation v. Travelers Indemnity Company, Fla.App.1971, 256 So.2d 74; Stegemann v. Miami Beach Boat Slips, Inc., 5 Cir. 1954, 213 F.2d 561.
The judgment is affirmed.