PEARSON, Judge.
The appellant was the plaintiff in the trial court in an action brought to recover *161 damages for goods allegedly lost by the defendant-bailee. The trial court directed a verdict for the defendant at the close of all the evidence. Final judgment was entered thereon and this appeal followed. The single question presented on appeal is whether the evidence, with all reasonable inferences therefrom, would have been sufficient to support a verdict for the plaintiff at the hands of the jury. Katz v. Bear, Fla. 1951, 52 So.2d 903; Bourgeois v. Dade County, Fla.1957, 99 So.2d 575, 72 A.L.R. 2d 391; Burkett v. Belk-Lindsey Co., Fla. App.1962, 137 So.2d 266.
The appellant as plaintiff proceeded on the theory approved by this court in ITT Consumer Services Corp. v. Travelers Indemnity Company, Fla.App. 1971, 256 So.2d 74, where the court held:
“The instant bailment was a bailment for the mutual benefit of both bailor and bailee. In the absence of an agreement to the contrary, the bailee is held to the standard of ordinary care and is liable for ordinary negligence.
“The plaintiff proved the bailment and loss of the chattel while in possession of the bailee. In so doing the subrogee of the bailor made a prima facie case as to the bailment. The duty then devolved upon the bailee to go forward with the evidence and show that it exercised ordinary care. Harbor One, Inc. v. Preston, Fla.App.1965, 172 So.2d 478; Porter v. Izlar Motor Co., 134 Fla. 798, 184 So. 329.”
Although the appellee concedes the nature of the action and the law as set forth in the cited cases, he urges, however, that the evidence did not support a verdict for the plaintiff because it failed to establish that the loss occurred while the property was in the bailee’s possession. It is our view of the record, in the light most favorable to the party moved against, that it was sufficient to show (1) that the appel-lee was the agent of the appellant for the purpose of receiving a shipment of gems from a carrier at the Miami International Airport, (2) that the shipment was received by the appellee and cleared customs where it was appraised at full invoice value, (3) that the goods were transported to appellant’s place of business where a receipt was given for the packages, (4) that the appellant testified that within a very short interval after receiving the packages he discovered that one of them had been opened and part of the contents removed. Appellant further testified that he immediately notified appellee of this fact.
The appellee asserts that the appellant estopped himself from claiming that he did not receive all the goods because he gave a receipt for the packages when they were delivered to him. Though the receipt is evidence of this fact, it is not conclusive proof. The general rule excluding parol evidence to vary a written instrument does not apply to a receipt. Schmitt v. Bethea, 78 Fla. 304, 82 So. 817 (1919).
It is appellee’s position that the above facts do not preclude the possibility of (a) the loss of part of the contents prior to receipt from the carrier or (b) the removal of part of the contents after delivery to the appellant. It is clear that either of these facts, if found by the jury, would be a good and .sufficient defense. The delivery by the carrier and acceptance by the bailee together • with the certification by customs are sufficient proof of delivery. The redelivery is controverted by the testimony of the appellant. Therefore, we hold that the record contains sufficient evidence which, if believed by the jury, would support a verdict for the plaintiff. The final judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.