342 So.2d 984 (1977)
Alvah G. HALES, and Sea Trawl, Ltd., Appellants,
v.
ASHLAND OIL, INC., et al., Appellees.
No. 76-62.
District Court of Appeal of Florida, Third District.
February 1, 1977.
Rehearing Denied March 16, 1977.
*985 Hal P. Dekle, Tallahassee, for appellants.
Frates, Floyd, Pearson, Stewart, Richman & Greer and Phillip E. Walker, John L. Ashworth, Marion, Ohio, Aubrey V. Kendall, Miami, for appellees.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
Alvah G. Hales and Sea Trawl, Ltd., plaintiffs in the trial court, appeal from an order dismissing their amended complaint with prejudice. Plaintiffs had brought suit alleging that defendants had tortiously interfered with contractual rights and advantageous business relationships of the plaintiffs. Plaintiffs had further alleged that they were third party beneficiaries of certain contracts which the defendants had allegedly breached.
This cause arises out of incidents related in Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972), cert. denied, 285 So.2d 18 (Fla. 1973). In that case, plaintiff Pickard had sued Ashland Oil, Inc., its wholly owned subsidiaries, Cobia Boats, Inc., and Modern Fiber Glass, Inc., and Harold L. Slama, who was an officer of both subsidiaries, for deceit and breach of contract. We found there that the parties had embarked upon a joint ventureship for the production and sale of fiberglass shrimp trawlers. Ashland and its subsidiaries were to manufacture hulls for the trawlers and provide financing, while Pickard and his wholly owned company were to outfit the hulls and promote sales of the completed vessels. Id. at 721, n. 6. We ultimately affirmed a jury verdict for Pickard upon his claim that the Ashland interests had fraudulently represented that Pickard would have first right to outfit and sell the trawlers so that defendants could take advantage of Pickard's expertise in outfitting the hulls *986 while they were secretly preparing to outfit and market the vessels themselves.
Plaintiffs in the instant case alleged that the Ashland group had tortiously interfered with plaintiffs' business relationship with Pickard, whereby plaintiffs were to purchase 200 trawlers from Pickard. Plaintiffs also asserted that they were third party beneficiaries to the agreements between Pickard and the defendants, in that the defendants knew or should have known that Pickard would be induced to procure orders for finished vessels from persons such as the plaintiffs. The trial court found that these allegations failed to state a cause of action. We agree.
It is true that Florida recognizes a separable and independent tort of malicious interference with contractual rights or advantageous business relationships. See Dade Enterprises v. Wometco Theaters, Inc., 119 Fla. 70, 160 So. 209 (1935); John B. Reid and Associates, Inc. v. Jimenez, 181 So.2d 575 (Fla. 3d DCA 1965); Franklin v. Brown, 159 So.2d 893 (Fla. 1st DCA 1964). However, as we noted in Reid and Associates, supra at 577, one of the elements of this tort is that "in order to secure an advantage, the defendant, by fraud, induces plaintiff's business associate to act in a way which destroys plaintiff's business relationship." (Emphasis added.)
While the plaintiffs herein contend that they fit within this category, an examination of the factual situations surrounding this tort militates against such a conclusion. In each of the cases cited above, the defendants sought to procure some sort of business advantage directly over the plaintiffs. Plaintiffs herein have at best been indirectly affected by the defendants' attempts to secure an advantage over Pickard. We have been unable to find a single case which has allowed recovery based on the kind of indirect harm which plaintiffs have allegedly sustained. Were it otherwise, defendants would be subjected to an endless array of suits by persons who have been indirectly injured by virtue of their dealings with the party over whom the defendants had sought to gain an advantage. For example, plaintiffs here alleged that they had already sold, leased and financed numerous vessels. If we were to allow recovery under plaintiffs' theory, then those who had contracted for such purposes with the plaintiffs would also have a cause of action against Ashland Oil and its subsidiaries. We therefore find that the trial court properly ruled that plaintiffs' allegations failed to state a cause of action for tortious interference with plaintiffs' business relationships.
Based upon a similar rationale, we hold that plaintiffs were not third party beneficiaries of the agreements between Pickard and the Ashland Oil interests. Those agreements were not designed to benefit Pickard's prospective customers, but were solely for the mutual profit of Pickard and the Ashland Oil group. The incidental or consequential benefit flowing to customers of the Pickard companies is not sufficient to allow them to sue as third party beneficiaries. See Muravchick v. United Bonding Insurance Co., 242 So.2d 179 (Fla. 3d DCA 1970); see also Brooks v. Owens, 97 So.2d 693 (Fla. 1957).
For the above reasons, we hold that the trial court properly dismissed plaintiffs' complaint for failure to state a cause of action.
Affirmed.