**GROVE KEY MARINA, Inc. v. HORNE.**

No. 76-34914.

Circuit Court, Dade County, Civil Appeal.

April 21, 1977.

Norman S. Segall, Miami, for the appellant.

Joseph J. Gersten, Miami, for the appellee.

WILLIAM A. HERIN, Circuit Judge.

This cause is before the court on an appeal from the county court, Grove Key Marina, Inc. appeals from a judgment for damages in favor of Clifford Horne, Jr., arising out of the theft of certain articles from his boat.

Horne kept his boat at Grove Key's marina pursuant to a contract which in pertinent part, states —

> "The owner for himself, his heirs and assigns hereby releases and agrees to indemnify and hold harmless the Company and any of its employees from any and all liability for personal injury, loss of life, and property damage to himself, his family, his employees, invitees and agents, arising out of or in connection with the condition or use of the above boat, motor and accessories, or the use of the storage space or premises; and the owner for himself, his heirs and assigns *hereby releases the Company and its employees from any and all liability for loss or damage to the above described boat, motor and accessories or contents thereof due to theft,* fire, collision windstorm, rain, hurricane or other casualty loss. *The owner further agrees to indemnify and hold harmless the Company from any and all acts of ordinary negligence by the Company, its employees and agents, and for any negligent or intentional act by any other person.* The Company is not considered under the terms of this Storage Contract to be an insurer of the owner's property and it is the responsibility of the owner to secure such insurance coverage as is desired." (Emphasis added.)

Several months after entering into the contract, an inboard-outboard motor, an outboard motor and a ship to shore radio were stolen by an unknown person or persons. Horne alleges that the defendant was responsible for the safety and safekeeping of such equipment and that the fact of loss while the equipment was located at Grove Key Marina established a prima facie case of negligence. Grove Key denies liability and claims that even if it was negligent, it is not liable by virtue of the exculpatory provisions of its contract. This court agrees.

The contract language is enforceable since it clearly and unequivocally expresses an intent to release and indemnify against losses resulting from the defendant's own negligent act. *University Plaza Shopping Center, Inc. v. Stewart,* 372 So.2d 507 (Fla. 1973).

Horne relies upon three cases in support of his position. *Marine Office-Appleton & Cox Corp. v. Aqua Dynamics Inc.,* 295 So.2d 370 (Fla. 3d DCA 1974); *Empire Tool Co. v. Wells,* 227 So.2d 76 (Fla. 4th DCA 1969); *Harbor One, Inc. v. Preston,* 172 So.2d 478 (Fla. 3d DCA 1965). None of these cases involved a contract between the marina and the owner which clearly and unequivocally exculpated the marina in the event of loss to the boat or its equipment. None of these cases purported to render such contracts unenforceable. A reading of the Harbor One decision indicates that if Harbor One had used Grove Key's exculpatory clause, the result would have been different.

This court notes that there has heretofore been a conflict between different divisions of the county court on the same point of law and the trial judge correctly encouraged the parties to bring this appeal. This conflict is now resolved.

The judgment of the county court is reversed and remanded with directions to enter judgment in favor of the defendant Grove Key Marina, Inc.