PER CURIAM.
In FBA Corp. v. General Air Services, Inc., 479 So.2d 321 (Fla. 3d DCA 1985), this court remanded the case to the trial court with directions to enter an order staying execution on the judgment foreclosing General Air Services, Inc.’s (GASI) possessory lien on an aircraft owned by FBA Corp. (FBA) until disposition of FBA’s claim of setoff. Following our remand, trial was had on FBA’s affirmative defense of set-off. Final judgment was entered in favor of FBA for $10,000, which represented the value of a missing thrust reverser and fan panel from a four-engine jet plane, a loss attributable to the bailee, GASI.
It is well established that, when a bailor enters evidence showing that bailed goods were returned by the bailee in a damaged or changed condition, an inference or presumption of liability on the part of the bailee arises. Ferrell Jewelers of Tampa, Inc. v. Southern Mill Creek Prods. Co., 205 So.2d 657 (Fla.1967); Adelman v. M & S Welding Shop, 105 So.2d 802 (Fla. 3d DCA 1958); ITT Consumer Servs. Corp. v. Travelers Indem. Co., 256 So.2d 74 (Fla. 3d DCA 1971), cert. denied, 263 So.2d 229 (Fla.1972). GASI as bailee is responsible for all the thrust reversers and fan panels. FBA is entitled to its claimed setoff for these items.[1]
The evidence is undisputed that, upon return of the aircraft to FBA, seven of the eight fan panels and thrust reversers were broken or unserviceable.[2] We, therefore, reverse the judgment below with directions that the amount of setoff reflect FBA’s full entitlement to the amount of the fan panels and thrust reversers.
Reversed and remanded.

. During oral argument, FBA waived any other setoff damages.

. During the course of the bailment, FBA gave GASI permission to remove two of the fan panels for use on another aircraft, with the understanding that the parts would be replaced.